## HARDIE v. TURNER.

1. H. in answer to a letter from R. writes to the latter that he had received from W. P. T. Mrs. T's debt on her relations, &c., to indemnify him as surety for W. P. T.; admitted that he had collected three hundred dollars, part of the debt, and stated if certain steps were pursued, more might be collected—insisted on retaining for trouble and expenses of collection, and holding the remainder of the money in hand, for his indemnity as above stated. An action being brought by Mrs. T. against H. for money had and received, the defendant demurred to the evidence: *Held*, that although the first name of Mrs. T. was not expressed in the letter, it would be intended, (upon demurrer,) from the plaintiff's possession of the letter, that she was the person referred to: that it was not asserted in the letter that W. P. T. was Mrs. T's agent, or otherwise authorized to control the demand; consequently he could not have authorized H. to collect the demand for his indemnity, and the latter cannot retain what he has received for that purpose, or any part of it, to compensate him for trouble and expense.

Writ of Error to the Circuit Court of Talladega.

THIS was an action of assumpsit, at the suit of the defendant in error. The declaration contains two counts. 1. For money had and received. 2. Upon an account stated. To which the defendant pleaded, 1. Non-assumpsit. 2. Payment. 3. Set-off. Issues were thereupon joined, and the cause submitted to a jury. The plaintiff adduced a letter written by the defendant, of the following tenor, viz : " Mardisville, Alabama, 30th Oct. 1843. Green P. Rice, Esq : Dear Sir—When your letter arrived I was absent from home. In reply, I have to state, that Mr. William P. Terry gave me Mrs. Turner's debt on her relations in Virginia, as part indemnification for my liability for him as his security as guardian for the late Mr. Weldon's children. This is the way it was given me, and the way it was received. After a great deal of trouble and expence, I succeeded in collecting three hundred dollars; and sent a bond of indemnification for Mrs. Terry to sign, and which, Smith, a friend in Virginia, was to sign also. But that bond has never been returned to me,

and I of course have collected nothing more. My agent wrote me that when I would send the bond, one hundred dollars more was ready to be paid, and that some two hundred dollars additional, he thought would be paid, or would be ready to be paid about this time. I have not heard from there since Dec. last.

"If Mrs. Turner will send me the bond signed properly, that I sent Mr. Terry, I will endeavor to collect the balance of the money that is coming to her, and pay it over when collected. As to the amount collected I insist on its going towards the claim, it was put in my hands for, after deducting for the amount of my expences, and reasonable pay for my trouble.

I am your ob. st,

JNO. HARDIE."

This being all the evidence adduced, the defendant demurred, and the plaintiff joined in demurrer; and the demurrer being overruled, the cause was again submitted to the jury to assess the plaintiffs damages.

On the inquiry before the jury for the purpose of assessing the damages, the defendant proposed to prove by a witness adduced, the amount of his expences in collecting the money, and what would be a reasonable allowance for his trouble in attending to the business; but the plaintiff objected to the Her admission of such testimony. objection was sustained, and thereupon the defendant excepted.

The defendant prayed the court to charge the jury—1. That if the defendant collected the money under an agency, the plaintiff could not recover unless it was proved that there had been a demand and refusal before suit was commenced. 2. That it was incumbent upon the plaintiff to satisfy the jury, by reasonable proof, of the amount of damages sustained by her, and if the proof did not ascertain the amount due, with reasonable certainty, they should find no damages. These charges were refused, and the jury were instructed, that they should allow the defendant a reasonable charge for his trouble and expense, looking alone to the proof; that they could make no allowance unless the proof warranted them in adjusting it; that they could not take into the account their own knowledge of the value of such services, and ex-

penses, but must be governed by the testimony—that the letter alone authorized them to find damages for the plaintiff. The jury were further instructed, that the law required them to find interest on the amount they found to be due, from the date of the letter. To the refusal to charge, and the charges given, the defendant excepted. The jury assessed the plaintiff's damages, and a judgment was accordingly rendered.

W. P. CHILTON, for the plaintiff in error, made the following points: 1. The defendant received the demand upon which he collected the money, from Terry, as a pledge, and he was entitled to hold it as such. As to the honesty of the transaction, so far as the defendant is concerned, it is not questioned; and the letter does not show that he is indebted to plaintiff. 2. It should certainly have been allowed to defendant to introduce proof to diminish the recovery against him. This is allowed upon a writ of inquiry, which is analagous to the proceeding in the present case. The object of submitting the question of the extent of damages to the jury is, that they may be ascertained, and proof to the point is admissible by both parties.

S. F. RICE, for the defendant in error, insisted, that the defendant's letter ascertained a certain indebtedness, and there was no necessity—in fact it was irregular to submit the question of damages to the jury. [4 Am. Com. L. Cas. 109, and cases there cited ; 4 Burr. Rep. 2226 to 2232.] This being the case, there could be no available error in the rejection of evidence, or in charging the jury. The defendant could not claim a deduction for services, unless he had pleaded the *general issue* or set off, [8 Porter's Rep. 551 ;] otherwise, after having been unsuccessful on the demurrer, he might defeat a recovery by showing his demand exceeded the plaintiff's, which could not be allowed. [3 Blackf. 398.] The defendant was liable to pay interest, and was not entitled to be compensated for trouble and expenses; for he was not the plaintiff's agent, but collected the money by Terry's direction, who had no interest in the business.

COLLIER, C. J.—The defendant's letter is an explicit admission that he received from Terry, a demand of Mrs. Turner for money due her, from her relations in Virginia; and that he had collected in part thereof the sum of three hundred dollars. Who Mrs. Turner is, or what is her first name, is not indicated by the evidence demurred to, yet we think that the jury would have been warranted, in the absence of all opposing proof, in inferring that she was the person referred to; especially as she was in possession of the defendant's letter to Rice, and if she was not the Mrs. Turner to whom the demand received from Terry was due, it could have been easily shown by the defendant. This point being settled, we can conceive of no well founded objection to the sufficiency of the letter to fix the liability upon the defendant. In fact he admits the collection of $300, and though he insists upon retaining it, yet he does not pretend, either by direct assertion or otherwise, that Terry had the right to invest him with the control over, or interest in, the demand upon which the collection was made. The fair inference then, is, that the plaintiff was its rightful proprietor; consequently, any money collected thereon, must have been received for her use, and it may be recovered by her in an action of *indebitatus assumpsit.* From this view it results, that the demurrer to the evidence was properly overruled.

In Young v. Foster, 7 Porter's Rep. 420, it was said to be the most correct practice, on account of its despatch, in cases of demurrer to evidence, to assess the damages at the time the demurrer is interposed, for which the judgment will be rendered, if the demurrer is overruled. It is however competent to empannel another jury to assess damages, after the judgment on demurrer—either mode is legal. We apprehend that, no matter which of these courses of procedure shall be adopted, the rights of the parties are unaffected, and the same rules apply in the admission of evidence.

The defendant does not appear to have been the agent of the plaintiff, or at any time recognized by her as such. He collected her money because the claim was placed in his hands by Terry, to indemnify him against the consequences of his suretyship for the latter. In the condition in which the case is presented in the record, it does not appear

15

that Terry had any authority to dispose of the claim, or in any manner to interfere with it. The defendant then, cannot charge the plaintiff for his trouble and expenses in collecting it. Perhaps she may have preferred to collect the money in some other way, and it is probable she could have received it when she desired, without incurring any charge. Be this as it may, it is enough that it does not appear, that the defendant was authorised to represent her, or that his agency has been adopted by her.

The judgment of the Court is consequently affirmed.