## HELLEN, Adm'r v. WIDEMAN.

1. An administrator may recover on a note payable in another name than to his intestate, if the proof satisfies the jury it was intended to be executed to the intestate.

2. When the proof offered is pertinent to prove the plaintiff's case, but there is also an issue on the plea of *non claim*, it is not error to refuse to exclude it from the jury. If the defendant wishes to raise any question that the issue on his plea was not proved, the attention of the court should have been directed by the request for a specific charge on that point.

Writ of Error from the County Court of Sumter.

Assumpsit by Mrs. Wideman affainst Hellen, as the administrator of Henry Wideman.

The declaration, amongst other matters, counts on a note dated 19th May, 1838, for $286 37, made by the intestate, payable to the plaintiff, by the name of Henry Wideman, or bearer, on demand, and also for divers slaves sold and delivered.

The defendant pleaded *non assumpsit*, and the statute of *non-claim*.

At the trial, the plaintiff produced and read to the jury a note in these terms, to wit: "$286 37. On demand, I promise to pay Henry Wideman, or bearer, the sum of two hundred and eighty-six 37-100, for value received. May 19th,

1838,"—purporting to be signed by the intestate. The defendant objected, but the court allowed it to go to the jury.

The plaintiff also, offered a bill of sale of certain slaves purporting to be executed by herself, on the 19th May, 1838, conveying certain slaves to the intestate, and reciting the payment by him of the consideration of the sum of $2500, as their price. The defendant also objected to this, but it was allowed to go to the jury.

The plaintiff then introduced a witness, who proved, that sometime in 1839, or '40, or thereabout, he had a conversation with the intestate about pecuniary affairs—what amount of money each owed, and would soon be compelled to raise—in which the intestate stated, among other debts, a note for 170 or 270 dollars, or somewhere thereabout, given to the plaintiff a few days before, in consideration of certain slaves purchased by him from the plaintiff—but the intestate did not consider that a cash note, because it was due his mother, who was living with him, and whom he expected to live with him as long as he lived—that he was incurring some expense in her support—that he had that year, in presence of the witness, at Mobile, purchased some articles for her, in connection with his own groceries and necessaries—that the plaintiff had other negro property which was under the intestate's control at that time, and up to the time of his death, which happened soon after this conversation. This was all the testimony introduced by the plaintiff, and the defendant declined to offer any in his defence. Whereupon he moved the court to exclude that above stated, on the ground that it was not pertinent to the issue, and for other reasons. The court refused to exclude it, and permitted it to go to the jury. The defendant excepted to the several rulings of the court, and they are now assigned as error.

S. W. INGE, for the plaintiff in error, insisted—

1. The note offered was *prima facie* irrelevant, and no evidence was proposed, or introduced, to make it admissible, therefore it should not have been admitted. [Crenshaw v. Davenport, 6 Ala. Rep. 390 ; Cuthbert v. Newell, 7 Ib. 457.]

2. The bill of sale was irrelevant, for the declarations of a party are not evidence in his own favor, but under no circum-

stances was it admissible without proof of its execution and delivery. [Beal v. Dearing, 7 Ala. 127.]

3. The statements of the witness were irrelevant, and calculated to mislead the jury. [Grant v. Cole, 8 Ala. Rep. 521.]

4. The bill shows that no other evidence was introduced, and it was incumbent on the plaintiff, under the issue of *non claim*, to show a presentment of the demand. [Thrash v. Sumwalt, 5 Ala. 20.]

STRODE, for the defendant in error, argued, that the evidence, although circumstantial, was competent, and properly left to the jury.

GOLDTHWAITE, J.—1. The questions raised by the bill of exceptions will be best examined in connection with the matters in issue between the parties. By reference to the pleadings it will be seen the plaintiff was required to prove that the note mentioned in one of the counts was executed to her by the name of Henry Wideman, or, under another, that a sum of money remained due her upon a sale of slaves to the defendant's intestate. To make out the first fact, the note itself was a necessary matter of evidence, and the same may be said of the bill of sale of the slaves, with reference to the other fact; or rather, that the bill of sale was proper evidence although it may not be the only evidence which was so. We do not understand the exception to refer to the *execution* of the bill of sale, but to its *competency*, and when the exception is thus taken, we must presume the execution was properly shown. [Creagh & Forward v. Savage, at this term.] It may be conceded, the production of the note, or of the bill of sale, or both together were not sufficient to make out a case for the plaintiff, but when taken in connection with the testimony of the witness, detailing the declarations of the intestate, it was proper to submit the whole to a jury, and we cannot say the whole was insufficient to warrant the presumption, either that the note was executed to the plaintiff, or that some sum was due her on the slaves sold. It is true, the note and bill of sale are dated on the same day, in the year 1838, and the witness speaks of the declarations as made

in 1839 or 1840, *or thereabouts.* It was the business of the jury on the one hand, to reconcile the declarations with the instruments, or on the other, to determine they had no connection. We think the whole subject was properly left to the jury.

2. With respect to the supposed right of the defendant to have the whole evidence excluded, for the reason that no presentment was shown of the claim to the administrator, within eighteen months, it is sufficient to say, the objection was not thus taken in the court below. If it had been, it could there possibly have been obviated, by calling the attention of the jury to the time when the writ issued, or some admission that the defence was not relied on. Whatever may be the merits of the case in this particular, it could not be cured on a motion to exclude the evidence shown on another issue, but the attention of the court should have been directed to the point by a request for a specific charge.

There is no available error in the record. Judgment affirmed.