## NICHOLAS v. KREBS, EX'R.

1. The defendant made a writing of the following tenor, viz: "Good for three hundred dollars. Jan'y 15th, 1829." *Held*, that it was competent for the plaintiff to show, by parol evidence, that it was delivered to, and intended to acknowledge a liability to him; but such evidence of an agreement made simultaneously with the writing, is not admissible, to show it was understood between the parties, that there was no present indebtedness, or that it should be payable at a future day, so as to postpone the time when the statute of limitations began to operate.

Writ of Error to the Circuit Court of Mobile.

THIS was an action of assumpsit, by the defendant in error, as executor, &c. of Catherine Swanson, deceased. The first count of the declaration alledges, that the defendant below, on the 15th January, 1829, made his writing of that date,

and thereby acknowledged himself to be good for the sum of three hundred dollars; which writing he delivered to the testatrix; by means whereof the defendant became liable to pay to the testatrix, the sum of money therein mentioned, "presently." The declaration also contains the common counts in assumpsit. Among other pleas, the cause was tried on the general issue, the statute of limitations, and payment.

From a bill of exceptions, sealed at the defendant's instance, it appears that the plaintiff gave in evidence a writing of the following tenor: "Good for three hundred dollars. Jan'y 15th, 1829. W. S. Nicholas," and then introduced a witness, who testified that he presented the same to the defendant for payment; to which the latter answered, that the note was unpaid—the consideration of it was money given to him to lend out, that he had lent it, and it was lost. The court charged the jury, if they believed, from the admission of the defendant, that the money for which the note was given, was handed to the defendant to be lent out by him, then he was merely an agent for the plaintiff's testatrix, and the statute of limitations did not begin to run against the claim, until after the demand of payment was made. A verdict was returned for the plaintiff, and judgment thereon rendered.

H. CHAMBERLAIN, for the plaintiff in error, insisted that the testimony which contradicted or varied the terms of the writing was inadmissible; and the cciruit court incorrectly ruled the law, in charging the jury that the statute of limitations did not begin to run until after a demand was made. [8 Por. Rep. 211; 7 Ala. Rep. 641.]

J. H. SMOOT, for the defendant in error. The admissions of the defendant below, as related by the witness, do not contradict the terms of the writing—they merely show in what character he received the money. They establish a clear case of principal and agent—an acknowledged and continuing trust; against the former the statute of limitations does not begin to run previous to a demand, and against the latter not until the trust is in some manner put an end to, or disavowed. [6 Porter's R. 32; 4 Ala. R. 645.]

COLLIER, C. J.—Although the writing given in evidence
to the jury in this case, does not indicate upon its face the
name of the payee, yet it was competent to show by extrin-
sic proof, who was the party to whom it was delivered, or in
whose favor it was intended to acknowledge a liability.
Such evidence is admissible upon the ground that the writ-
ing is manifestly incomplete. [3 Phil. Ev. C. & H.'s Notes,
1471, *et seq.*

It has been repeatedly held by this court, and seems to be
well established, that the maker of a promissory note, not-
withstanding the usual expression of consideration, such as
"for value received," &c. may show as against the payee, or
other person standing in the same situation, that the note was
given without consideration, or that the consideration failed,
*&c.* [3 Phil. Ev. 1458, *et seq.*] It is allowable then, for
the defendant to show, that the writing adduced was made
without any thing which the law will regard as sufficient le-
gal inducement, or if there was a consideration that it has
failed; in order to do this, he must be permitted to prove
what occasioned the making of the writing. But we do not
understand that the verbal evidence in this case was offered
at the instance of the defendant, for the purpose of counter-
vailing the statute of limitations.

If the paper imposed a legal duty, it is difficult to perceive
upon what ground the parol evidence could affect the opera-
tion of the statute of limitations. Its effect, if operative as
an undertaking to pay, was, to give to the party in whose fa-
vor it is made, a present right of action, without reference to
the consideration on which it is founded. The evidence
then was allowed to change the legal effect of the paper, and
instead of treating it as a debt *in praesenti,* so interpolating
it, as to make it, in the opinion of the circuit judge, a debt
payable whenever the plaintiff chose to demand it. Is such
testimony admissible? [See 3 Phil. Ev. C. & H.'s Notes,
1460-1, *et seq.*]

But conceding that the declarations of the defendant were
allowed to go in evidence, were in themselves unobjectiona-
ble, and the question arises, whether the charge to the jury
is not erroneous. It assumed, that if this were true, then the
defendant was merely an agent for the plaintiff's testator, and

the statute of limitations did not begin to run against the note, until after payment of it was demanded. The charge proceeds upon the hypothesis, that, that although the note upon its face was due, "presently," as alledged in the declaration, yet in point of fact, it was not payable until demand —it assumes as a postulate, the validity of the note, and that it may be varied in its operation by parol evidence of a contemporaneous or precedent agreement, that it was to be payable at a time other than it imports. We have seen that it is competent for the maker of a note to prove its consideration, and that it has failed ; and where the note is a nullity we suppose it is allowable for the payee to treat it as such, and declare in assumpsit in a form adapted to his proof. But we cannot conceive how it is possible, consistently with the rules of law, to maintain that a note is a valid security for money, and may be varied in its operation or effect by parol evidence of an agreement made previous to, or simultaneous with its execution. The law upon this point is explicit. [See Phil. Ev. C. & H's Notes, 1460, 1470.]

This view disposes of the only question raised upon the bill of exceptions. Whether, if the defendant was a mere agent, and acted in good faith in the performance of his duties, he can be charged in this action, is a point not presented. It follows from what has been said, that the ruling of the circuit court cannot be supported—its judgment is consequently reversed, and the cause remanded.