## BOYD v. GILCHRIST.

1. In an action for money had, and received, on the common counts in assumpsit, it is admissible to prove, by the admission of the defendant, that a receipt given by the defendant to the plaintiff, for the collection of a note therein described, in which the plaintiff, Malcolm G., was described *Macom* G., was intended for the christian name of the plaintiff.

2. The plaintiff having proved, that the defendant received from him for collection, on the 20th February, 1839, a promissory note; that the maker of the note was solvent at the time, and continued so until the year 1843, being in possession of property, and money having been made out of him by suit, during that time, and that a demand had been made of him for the money a few days before the institution of the suit, on the 31st March, 1848, and the defendant having demurred to the evidence: held, first, that the court was justified, under the testimony, in rendering judgment for the plaintiff, but was not authorized, without further proof, to assess the damages, with which the defendant was chargeable, for interest on the debt collected by him.

Error to the Circuit Court of Macon. Before the Hon. Nathan Cook.

Action of assumpsit, by defendant, against plaintiff in error, on the money counts. The defendant in the court below, pleaded the general issue, and statute of limitations. The bill of exceptions found in the record, recites, that the plaintiff below produced in evidence the following receipt: "Rec'd of Macom Gilchrist, a note on Samuel McNiel, for the sum of one hundred and thirteen dollars, dated 6th Sept., payable the 25th Dec'r following, with interest from date. This note is rec'd for collection. Feb'y 20th, 1839. Jas. C. Boyd"—proved the handwriting of the defendant, and the admission of the defendant, that he gave the receipt to the plaintiff, and that the christian name of the party specified in the receipt, was intended for the christian name of the plaintiff. The defendant objected to the latter portion of the proof, but the objection was overruled, and the receipt, and proof, allowed to go to the jury. The plaintiff also proved the solvency of McNiel, from the date of the receipt to the

year 1843; that he had a plantation and negroes in Macon county, and that money had been repeatedly collected out of him by legal process, during this time. The plaintiff also proved a demand on the defendant for the money, a day or two before the institution of his suit, which was on the 31st March, 1848. The defendant was admitted not to have been an attorney at law. This was all the evidence, and the defendant demurred to it, in which demurrer the plaintiff joined. The court thereupon gave judgment for the plaintiff, for the principal sum of the note mentioned in the receipt, with interest thereon till 1843, and further interest on the aggregate amount, from the date of demand.

To the ruling and judgment of the court, the defendant excepted, and now assigns them as error.

McLester, for plaintiff in error.

1. In order to recover on the common counts, it is necessary to prove the money had been received. Fox v. Fisk, 6 How. (Miss.) R. 328; Baskin v. Sample, 6 Ala. 255. The proof here does not make a case within the influence of the principle decided in Dukes v. Leowie, 13 Ala. 459. That case decides, that *indebitatus assumpsit* will lie on an executed contract not under seal, although it was conditional. Here, the proof is defective, in failing to show the money was collected. It is necessary the proof should show every thing it would have been necessary to aver, had the count been special. Landrum v. Brookshire, 1 Stew. 252.

2. There is no cause of action shown by the receipt relied on, by the plaintiff below. The evidence, showing the name in the receipt was intended for the name of the plaintiff, should have been rejected, there being no averment of the fact in the declaration. The proof contradicts and varies the receipt, and was therefore illegally admitted.

3. But the whole evidence, taken together, does not make out a case which authorizes a judgment. And if it did, the plea of the statute of limitations is a bar to the recovery. The proof does not show that the note on McNeil is ever to fall due, and was dated 6th September, and due 25th December following, but in what year, does not appear. McNeil is shown to have been solvent, from the date of the receipt,

till the year 1843. And without any showing that the note was due within that time, because the sheriff had made money out of McNeil within that time, the court presumed that Boyd, who was not an attorney, collected the money on Mc-Neil's note, whether it was due or not, and accordingly rendered judgment against him. And the court presumed, that the money was collected in 1843, and charged interest up to that time, and also charged interest from the demnad, thereby compounding the interest, and allowing defendant no sort of compensation for collecting.

4. The court had no right to render judgment, without a jury to assess the damages. Young v. Foster, 7 Por. 420; Carson v. State Bank, 4 Ala. 148. If the declaration had shown, by special averment, that the receipt was made to the plaintiff by the name of "Macom Gilchrist," the proof offered would have been good.

DOUGHERTY, contra.

1. On a demurrer to evidence, the court may draw every inference that a jury could reasonably draw. Gayle v. Cahawba and Marion R. R. Co. 8 Ala. 587.

2. The proof, explanatory of the christian name of the person to whom the receipt was given, was properly admitted. Jackson v. Stanby, 10 Johns. 133; Brown v. Gilman, 13 Mass. 158; Blakely v. Hampton, 3 McCord, 469; Hite v. The State, 9 Yerg. 357; Fish v. Hubbard, 21 Wend. 651.

3. The defendant was chargeable with interest, before demand. Wood v. Robins, 11 Mass. 504; Weeks v. Hasty, 13 ib. 218; Dodge v. Perkins, 9 Pick. 368; 9 Johns. 71; Rapelye v. Emory, 1 Dall. 349; Pope v. Barrett, 1 Mason, 117; Estate of Merrich, 1 Ashm. 305.

COLLIER, C. J.—It is insisted, that the receipt of the defendant below for McNeil's note, should not have been received as evidence, because it designates the party to whom it was given, as *Macom*, instead of *Malcolm* Gilchrist, and the mistake is not alleged in the declaration. The bill of exceptions shows it was proved, that the defendant admitted the christian name expressed in the receipt, was intended for

the plaintiff's name, and that he gave the receipt to the plaintiff.

The declaration is not founded upon the receipt, but merely embraces the common counts in assumpsit, and if the mistake may be explained by extrinsic proof, and the note was collected by the defendant, there was no necessity for alleging that *Macom* was intended for *Malcolm.* The frame of such a declaration, does not admit a specific allegation of the mistake, and if allowable to show it, proof may be adduced under the general count for money had and received. This is a proposition so well established by legal analogies, that it cannot be necessary to demonstrate it by argument, or a reference to authorities.

We will then inquire, whether the explanation of the mistake may be made by extrinsic evidence. It is impossible to lay down a rule, by which it can be determined, in all cases, whether parol evidence is admissible to show a contract, varying in terms from that which the parties have reduced to writing. We have so often had occasion to give to this doctrine an elaborate consideration, that it cannot be necessary to do more than notice the precise question before us. In Jackson v. Stanley, 10 Johns. Rep. 133, a patent for a military lot was granted to *David* Hungerford, a soldier, without any other words of description, to identify the patentee. In the action of ejectment, the lessors claimed the land as the heirs of *Daniel* Hungerford, a deceased soldier, alleged to be the patentee intended, and the defendant claimed under the heir of a person of the name of *David* Hungerford. Parol evidence was admitted to show, that the ancestor of the lessors was the real patentee intended, and that the name of David was inserted by mistake. So, in Brown v. Gilman et al. 13 Mass. Rep. 158, it was decided, that where the name of the party contracted with, is omitted in the writing, or a wrong name inserted by mistake, the omission may be supplied, or the correction made, by extrinsic evidence. See also Nicholas v. Krebs, ex'r, 11 Ala. Rep. 230. In Hellen, adm'r, v. Wideman, 10 Ala. Rep. 846, it was held, that the plaintiff might recover on a promissory note, payable to a person of the same surname, but whose christian name was different, if he made it appear, to the sat-

Boyd v. Gilchrist.

isfaction of the jury, that he was the payee intended. It was said by *Sir Lloyd Kenyon*, in Andrews v. Dobson, 1 Cox's Rep. 425, there were cases in which legacies were left to persons by nick-names, and evidence had been admitted to show, that the testator usually thus designated them. So, upon an indictment for stealing a bank note, alleged as payable at the "Mechanics' and Traders' Bank," it was allowed to prove by the cashier, that "Mech's" was intended as an abbreviation of the word "Mechanics," and upon this proof, the prosecutor was allowed to give in evidence a note payable at the "Mech's and Traders' Bank." See 3 Phil. on Ev. C. & H.'s Notes, 1372 to 1394 ; Blakely v. Hampton, 3 McC. Rep. 469. It is needless to add to these citations, or extend this opinion by commenting upon them. They are direct, and if the cases even in this court are followed, the circuit court had ample authority with the evidence identifying the plaintiff.

The receipt, it is true, when taken alone, and without the aid of other evidence, does not make out a case which entitled the plaintiff to a verdict. But when assisted by the testimony adduced, we think it might be intended that the defendant had collected the note. McNeil was solvent, and continued so four years after plaintiff received his note, and until within five years previous to the institution of the present suit. Conceding that the statute began to run immediately upon the defendant's receiving the money, though he was not put in default by demand, and still it can't be assumed, as the suit was brought within five years after McNeil became insolvent, that the act of limitations of six years operated a bar. All presumptions which a jury might legitimately draw against a party, should be made against one who demurs to the evidence, and thus withdraws his case from them. The application of this rule, which we have often reiterated, will not permit us to say, that the demurrer to the evidence was improperly overruled. Gayle v. C. & M. R. R. Co. 8 Ala. Rep. 587; Hardie v. Turner, 9 Ala. Rep. 110 ; P. & M. Bank of Mobile v. King, Upson & Co. ib. 279 ; Carson v. State Bank, 4 Ala. Rep. 148 ; Vere v. Lewis, 3 Term R. 182; Cort v. Birkbeck, Doug. Rep. 218 ; Mansel on Dem. 119, et seq.; 1 Stark. Ev. 530, 7th Am. ed.

The remaining question is, was it competent for the court, upon the facts demurred to, to assess the plaintiff's damages without the intervention of a jury. It has been held, where a person entrusted with the collection of money, retains and *converts* it to his own use, he is chargeable with interest from the time he should have paid it over. The People v. Gasherie, 9 Johns. Rep. 71. So, interest is allowed on the ground of a contract, express or implied, to pay it, or as damages for the breach of a contract, or the violation of a duty. Selleck v. French, 1 Conn. Rep. 32. Where one has received money for the use of another, which it was his duty to pay over, interest is recoverable for the time of the delay, but if the holder of money for another, is guilty of no neglect or delay, he will not be chargeable with interest. Thomas v. Weed, 14 Johns. Rep. 255; Commonwealth v. Lewis, 6 Binn. Rep. 266; Miller v. Beverlys, 4 Hen. & Munf. Rep. 415; State v. Blounts, 1 Hayw. Rep. 4; Hunt v. Jucks, ib. 173. But where there has been no misapplication of money, or no fraud or imposition in obtaining it, interest can only be recovered from the time of a demand made, or of the commencement of the action. Winthrop v. Carlton, 12 Mass. R. 4. If a defendant in an action for money had and received, has fraudulently obtained, or wrongfully detained the plaintiff's money, he is chargeable with interest from the time he so obtained or detained it; but where the defendant holds money, ready to be paid to the party who may be entitled to it, it seems he cannot be compelled to pay interest. Wood v. Robbins, 11 Mass. Rep. 504. In assumpsit against a consignee, who received goods under an engagement under a contract "to sell the same, and render a reasonable account," it was held, that interest was allowable in *case*, and also in actions *for money had and received*, from the time of a demand made, where the defendant has refused to account, or to make payment, or has converted the money to his own use. Mr. Justice Story said, "it may be admitted, that no interest was due until after a demand made, or until gross *laches* and delay of payment, contrary to the express or implied contract of the parties." Pope et al. v. Barrett, 1 Mason's Rep. 117.

In Dodge v. Perkins, 9 Pick. Rep. 368, it was decided,

that where an agent receives money, and neglects, for an unreasonable length of time, to inform his employer of it, he is liable for interest, from the time when he ought to have given information ; that interest is allowable, where the law, by implication, makes it the duty of the party, to pay over the money to the owner, without a previous demand. The judge, who delivered the opinion of the court, said, " The great inquiry is, whether the party has done all that the law required of him in the particular case ; whether acting on his own account, or as agent, executor, administrator, guardian or trustee for others. If he has, he is not accountable for interest ; if he has not, he is accountable for it, as a compensation for the non-performance of his contract." Several cases are stated, where the law requires the party to pay over money, which he has acquired, immediately, without waiting for any demand or request of payment, and it is added, " The same rule should apply, where a party has acted as agent, to render a reasonable account, but has omitted to do so, for an unreasonable time. Interest should be calculated from the time of the breach of his undertaking. Crawford v. Willing, 1 Dall. Rep. 349, note." *Further*, " The argument that this was a friendly agency, undertaken without any expectation of compensation for services, we think, cannot make any sufficient excuse for the want of reasonable care in conducting it."

These rules, as deduced from the books, very satisfactorily show, that it connot be assumed from the demurrer, at what time the breach of the defendant's contract occurred, so as to charge him with interest, for any definite period. We must infer, that the defendant collected the note of McNeil, and that the statute does not bar an action, for the recovery of its amount against him ; because a party might fairly have made such an inference. But we cannot presume that the collection was made on any certain day, or in any particular year ; and even if this could be concluded from the evidence, there is no *data*, of which the time of the defendant's default, in not giving notice to the plaintiff, or of his failure to pay over the money to him, can be predicated. The most we can say is, that the evidence indicates his liability to the plaintiff, at the time the suit was instituted, or that a jury would have been authorised to intend it.

In this predicament of the cause the court could not admeasure the quantum of interest, with which the defendant was legally chargeable. True, upon the evidence before them, the jury might have contingently assessed the damages, for which the judgment should be rendered upon the judgment, on demurrer, being in favor of the plaintiff; and perhaps they would have been warranted in calculating interest, from the maturity of the note down to the time of the trial. It may be, that from the time of the failure to pay over on demand, in the absence of evidence to explain or excuse the refusal, a conversion simultaneously with the receipt of the money, would be a reasonable inference. But these questions need not, and perhaps cannot be considered, in the condition in which the case is presented.

In Young v. Foster, 7 Por. Rep. 420, it was said, that when upon overruling a demurrer, by the defendant, to the evidence, the court have no power to assess the plaintiff's damages, "The ancient, and perhaps the most correct course, is to direct the jury to assess the damages at the time the demurrer is taken, to be imposed in the event the demurrer is overruled;" but it is also proper, where this has been omitted, to impannel a jury after the decision on the demurrer, to inquire what damages the plaintiff has sustained. The former course is however, commended by its convenience, to mention no other consideration—the demurrer may be retained *sub judice* for some time, during which the witnesses may disperse, or some of them die, and its ultimate decision be thus delayed, and perhaps justice defeated. See also Mansel on Dem. 124; 1 Stark. on Ev. 530, and citations in notes, 7th Am. Ed. It may be proper to add, that the evidence recited in the demurrer, cannot be read to the jury, to whom the inquiry of damages may be submitted. This point was directly so ruled in the case cited from 7th Porter.

The decision upon the demurrer to the evidence being correct, it will not be disturbed ; but the ascertainment of damages by the court being unauthorzied, the judgment is thus far reversed, and the cause remanded, that they may be assessed, in the manner we have indicated would be proper.