# Hart *et al. v.* The Life Association.

*Bill in Equity to enjoin Judgment at Law.*

1.   *Judgment; power of court of equity to enjoin*—Courts of equity have no
revisory power over judgments of courts of law.   A court of equity will not
enjoin a judgment at law, because matters of defense interposed and available
there, were erroneously held to be no answer to the action, whereby the defense
was unavailing.   The remedy is to correct the error by appeal, and if this is
not done, the judgment is conclusive as to such matters, as well in equity as
at law.

2.   *Same; consideration of written instrument; how far may be impeached at
law.*—A person who was president and treasurer of a local board of trustees of
an insurance company, gave a certificate that the insurance company had on
deposit with him a certain number of dollars, and signed it " H., president
and treasurer, local board of trustees."

*Held*—1.   The certificate, in legal effect, was H.'s promissory note, and in a
suit at law against him by the insurance company, he could show in defense
that the contract of which it formed a part had been rescinded, or that the
contract was of mutual stipulations, and the payee had not performed on his
part.

2.   The fact that the certificate was not founded on an actual deposit of
money, but executed in pursuance of an agreement between H. and other per-
sons (who took out policies of insurance on their own lives to qualify them-
selves to form a local board of trustees, under an agreement with the insurance
company that the premiums on these and other policies should remain under
the control of the local board for investment) to pay him respectively the
amount of their premiums, when needed for investment, and that the insu-
rance company had virtually ceased to do business, and sought to withdraw
the funds in violation of the agreement—if available as a defense, could have
been set up by H. in the suit at law against him by the insurance company ;
and the failure to interpose it there, or failing to appeal to correct erroneous
rulings holding the defense insufficient, concluded him ; and H. being the
agent of the other complainants and a party with whom the contract was
made jointly with them, and no equitable grounds of relief being shown, a
court of equity would not enjoin the judgment at the instance of H. and the
other trustees.

APPEAL from Barbour Chancery Court.
Heard before Hon. B. B. McCRAW.
This is an appeal from a decree of the chancery court dis-

missing a bill filed by appellants against the appellee, the Life Association of the South, for want of equity, and dissolving an injunction, restraining it from coercing satisfaction of execution on a judgment it had obtained against Hart, one of the appellants. The case made by the bill was, in substance, as follows : The Life Association of the South was an Alabama corporation, formed for the purpose of carrying on the business of life assurance. Its agents called on the appellants, who resided at Eufaula, Alabama, and induced them to form a local board of trustees, and each of them to become a trustee, took out, in accordance with the rules of the association, a policy on his own life for ten thousand dollars, with the agreement that when the board was organized, all premiums paid by each of the trustees, as well as on all other policies taken by said local board, should remain in the possession of and under the control of said board, to be by it invested with the sanction of a central board at Montgomery, and that no part of said premiums should be demanded of the local board, except a pro rata assessment against it to pay any death losses incurred by the insurance company ; that in pursuance of this agreement, the premiums due upon the policies taken out by the appellants was secured to the Life Association of the South in this wise. The appellants jointly procured Hart to give a certificate of deposit as follows : "This certifies that the Life Association of the South has on deposit with me the sum of $1,723 45 in currency. H. C. Hart, President and Treasurer, local board trustees." This certificate was given with the understanding between Hart and the other appellants, that each of them would be responsible to him for their respective shares of the amount of said premiums when demanded for investment.

The bill further alleged, that under the constitution and charter of said corporation, each policy holder became a stock holder therein, entitled to participate in all dividends and profits, as well as bound to share in losses ; that the policy holders and share holders were *quasi* partners, with the rights, relations and responsibilities between themselves of partners engaged in the business of insurance. It was further alleged, that the Life Association afterwards entirely suspended business, and prepared to substitute policies in another company without the consent of appellants, and they thereupon declined to enter into the arrangement. The president of the Life Association, in violation of the agreement of the parties, demanded from Hart payment of said certificate, and upon his refusal to pay, brought suit against him in the city court of Eufaula, and recovered judg-

[Hart et al. v. The Life Association.]

ment thereon, and execution to enforce the same is now in the hands of the sheriff. It is further alleged "that said Hart resisted said recovery upon the facts set forth in the foregoing bill, but the city court instructed the jury on that trial, if they believed the evidence to find for the plaintiff." The bill further alleges, that the city court " had no jurisdiction to hear and determine the defense made by Hart on the facts set forth, as the defense arose among *quasi* partners with respect to matters relating to their rights as such, and which could be made available in a court of equity." Appellants further alleged that the consideration for which they entered into said agreement with the Life Association, had entirely failed without fault on their part, wherefore they are entitled to have their connection with it wholly dissolved, and to be released from all liability on account of such policies ; that they have given up the policies to the association, claiming no benefit therefrom except to be released from all liability on account of the aforesaid transactions. The bill prayed a perpetual injunction against the collection of the execution, and for " such relief as was proper under the facts," &c. Upon the *fiat* of the circuit judge and execution of bond as therein prescribed, an injunction issued as prayed.

The cause was submitted " for consideration on motion to dismiss the bill for want of equity, on the demurrer to the bill and on motion to dissolve the injunction obtained in the cause on grounds stated in the motion." This motion does not appear in the record.

The chancellor dissolved the injunction and dismissed the bill, and this decree is now assigned as error.

J. L. PUGH, for appellant.

OATES & McKLEROY, *contra*.

BRICKELL, C. J.—The *gravamen* of the bill is, that the certificate of deposit was not founded on an actual deposit of money by the appellee with the appellant, Hart ; that it was evidence only of the fact that premiums on life policies issued by the appellee to the appellants, severally, were in the hands of a local board of trustees established by the appellee at Eufaula, to be by them loaned or invested. The appellants were induced to take these policies on representations made by the appellee through its agents ; that these premiums should not be withdrawn from the control of this local board ; that the agreement thus made has been broken by the appellee, and it is seeking to withdraw the premiums

from the control of the local board, and to apply it elsewhere to other purposes ; that the corporation has, in effect, been dissolved for all purposes but liquidation, and refuses to continue the policies of insurance, proposing a reinsurance in another company.

If these facts are available as a defense, they were cognizable in the suit at law. The appellant, Hart, was the agent of the other appellants, and the treasurer and secretary of the board at Eufaula. With him, as with the other appellants, the contract was made, and to him and them the representations were made, from which it is averred the appellee is departing. If the inability and refusal of the appellee to continue the policies, constituted a ground for recission of the contract of insurance, as there is authority for holding, (*McKee v. Phœnix Life Insurance Company*, 28 Mo. 383,) the appellant, Hart, standing to the other appellants in the relation of agent, could have interposed the defense.

The certificate of deposit in legal effect and operation was the promissory note of Hart, payable to the appellee. It did not estop him at law from proving the real consideration on which it was founded, and that such consideration had failed, or that it was founded on promises made by the appellee, it was incapable of performing.—1 Parsons on Notes and Bills, 26 ; Morse on Banks, 52–3. Under our statute, (R. C. § 2681,) the consideration of any and every written instrument, the foundation of suit, may be impeached at law, it may be shown to have been made without consideration, or that the consideration has failed, or that the contract of which it forms part, has been rescinded, or that the contract was of mutual stipulations, and the payee has not performed his part of them.—*Newton v. Jackson*, 23 Ala. 335 ; *Litchfield v. Falconer*, 2 Ala. 280 ; *Corbin v. Sistrunk*, 19 Ala. 203 ; *Nicholas v. Krebs*, 11 Ala. 230.

It is inferrible from the bill defense was made at law, but was not available because of the ruling of the court against its sufficiency. If these rulings were erroneous, a court of equity could not relieve against the judgment. It has no revisory power over the proceedings of a court of law, errors in which must be corrected by appeal.—1 Brick. Dig. 666, § 378. The judgment at law is conclusive on all these matters averred as grounds of relief, and no ground of equitable intervention is shown as to them.

If the appellants stand in the relation of stockholders to the corporation, and are entitled to an account of its transactions, and the ascertainment of the share of profits due them, and to set off such share against the judgment at law, the bill is not so framed as to entitle them to this relief. It

[Alabama Gold Life Insurance Company v. Lott, Tax Collector.]

fails to disclose the facts from which it can be inferred there were any profits, or upon the basis of which an account of the transactions could be ordered. A bill in equity must state with certainty the complainants title or right to relief, by clear, unambiguous, direct averment, so the defendant may be distinctly informed of the nature of the case he is to meet, and the court, if a decree *pro confesso* is rendered, may be fully apprised of the character of the final decree it should render. The court must see clearly from the averments, there is a case warranting its interference, and these averments must support the decree of relief. The allegations of this bill are too vague and indefinite to show that any right the appellants may have, authorizes a decree for an account of the corporate transactions, or that any benefit would accrue to them from such account.

The decree of the chancellor must be affirmed.