## The Galveston, Harrisburg & San Antonio Railway Company v. M. E. Templeton.

### No. 127.

**1. Defective Machinery—Pleadings.**

Injury being alleged as caused by a defective implement used by plaintiff, an employe, it is not necessary to detail in the petition the defects, but it is sufficient if the defective instrument be named or described. This applies to actions for injuries as well when brought by employes as by passengers............ ....................................... 45

**2. Demurrer to Evidence—Practice.**

When a defendant demurs to the evidence and the plaintiff joins in the demurrer, the case as to the facts and the right of the plaintiff to recover is withdrawn from the jury. Upon the court deciding for the plaintiff, if the damages are unliquidated the question of amount must be submitted to a jury ........................................... 46

**3. Same.**

After a demurrer of defendant to the evidence has been overruled, he can not insist that the question of right to recover be submitted to the jury ....................................................... 46

**4. Fact Case.**

See testimony held sufficient to support a finding for plaintiff upon demurrer by defendant to the evidence.............................. 47

**5. Duty to Inspect Cars.**

A failure of a railway company to have its cars inspected on the line of travel, resulting in injury to an employe, would render the company liable for damages; so whether the defect causing injury was manifest or not........................................................ 48

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*Upson & Bergstrom*, for plaintiff in error.—1. To entitle an employe to recover for an injury on the ground of defective machinery, he must establish, first, that the machinery or appliance was defective; second, that the master had knowledge or notice of or ought to have known such fact; third, that the employe did not know and had no equal means with the master of knowing such fact. In other words, the negligence of the employer is not to be presumed, but it rests on the employe, as plaintiff, to aver and prove every fact essential to constitute actionable negligence. Black on Proof and Plead., sec. 21; 38 Am. and Eng. Ry. Cases, 223; 2 Thomp. on Neg., 1053; Shearm. & Redf. on Neg., sec. 12; Railway v. Crowder, 76 Texas, 499; Railway v. Crowder, 63 Texas, 502; Griffin v. Railway, 12 Am. St. Rep., 527; 1 Rorer on Rys., 697; 2 Rorer on Rys., 1214–1216; Railway v. Hughes, 33 Am. and Eng. Ry. Cases, 348–354.

2. The plaintiff must show that the injury is to be more naturally attributed to the negligence of the defendant than to any other cause. If

the accident appears to be as consistent with the absence of negligence on the part of defendant as with the existence of such negligence, the plaintiff must fail, and the case should not be left to the jury. Likewise, if all the evidence in the case is equally consistent with either care or negligence on the part of the injured person, he can not recover. Griffin v. Railway, 12 Am. St. Rep., 526; Black on Proof and Plead., secs. 1, 4; Craft v. City of Boston, 109 Mass., 519; 48 Am. and Eng. Ry. Cases, note 447; Orth v. Railway, 50 N. W. Rep., 363.

3. When the appellee entered into the employment as switchman of the appellant, he assumed all the risks ordinarily incident thereto, among them the risks arising from the negligence of his coemployes, and including the danger incident to a failure to properly adjust the brake in question. Railway v. Shean, 18 S. W. Rep., 151; Railway v. Murphy, 46 Texas, 363; Railway v. Hester, 64 Texas, 403; Railway v. Hester, 72 Texas, 40; Railway v. Lemon, 18 S. W. Rep., 331; Railway v. Dillard, 60 Texas, 62; Pierce on Rys., 298–382.

4. Actual knowledge of danger is not necessary to render one guilty of negligence by seeming disregard thereof; it is sufficient if reasonable cause to apprehend it exists. Rorer on Rys., 1016; Latremouille v. Railway, 48 Am. and Eng. Ry. Cases, 263–270.

5. When both master and servant have equal knowledge of the danger of the service required, and of the means of avoiding it, and the servant, while in the performance of the work he is set to do, is injured by reason of his own inattention and negligence, the master is not liable. 14 Am. and Eng. Encycl. of Law, 862, sec. 25, subdiv. 1; Engine Works v. Randall, 50 Am. Rep., 798–802; Railway v. Barrager, 14 S. W. Rep., 242; Shearm. & Redf. on Neg., sec. 34.

6. The court erred, after overruling the defendant's demurrer to plaintiff's evidence, in withdrawing from and in not submitting to the jury the evidence for their consideration and the determination therefrom, under appropriate charges of the court, the issue made by the pleadings and arising upon the evidence, whether plaintiff's alleged injury was caused by the negligence of the defendant, or resulted from his own negligence or the negligence of his fellow servants; because it was then the province of the jury, and not of the court, to pass upon those questions. 2 Thomp. on Trials, secs. 1668, 1669, 2243 (note 1), 2245 (note 4), 2246 (notes 1, 2); Bartelott v. Bank, 119 Ill., 259; Latremouille v. Railway, 48 Am. and Eng. Ry. Cases, 265–269.

*McGinnis & Davis* and *Perry J. Lewis*, for defendant in error.—By demurring to the evidence, the demurrant admits the truth of all the evidence adduced and of the reasonable inferences to be drawn therefrom; and thereby he withdraws the case from the consideration of the jury and places it before the court to decide the question of liability, as a mat-

ter of law, upon the admitted facts. The court did not err in deciding defendant's demurrer and in charging the jury accordingly. Booth v. Cotton, 13 Texas, 359; Thornton v. Bank, 3 Pet., 36; O'Bough v. Finn, 37 Am. Dec., 773; Ins. Co. v. Lewis, 1 So. Rep., 863; Railway v. Moore, 15 Am. and Eng. Ry. Cases, 239; Brandon v. Bank, 18 Am. Dec., 48; Espinasse Nisi Prius, 582–586; 2 Tidd's Prac., 865, 866; 5 Am. and Eng. Encycl. of Law, 563.

BROWN, ASSOCIATE JUSTICE. — Defendant in error, plaintiff below, brought this suit by petition filed August 1, 1891, in the District Court for the Forty-fifth Judicial District of Bexar County, to recover $15,000 damages, alleged to have been sustained by him on or about August 20, 1890, at San Antonio, by reason of injuries received, while in the service of appellant and in the discharge of his duties as switchman, in attempting to mount a flat car on which was a defective brake, causing him to be thrown from the car, his right leg broken, and thereby made much shorter than the other, and rendering him a cripple for life, unable to perform manual labor. From the injury he charges that he suffered great physical pain and mental anguish.

Defendant answered by general demurrer, general denial, and the plea that plaintiff's injury was caused by his own carelessness or that of his fellow servants; and also by special exception to plaintiff's first amended original petition, to the effect that it did not show wherein or how the brake alleged to have caused the accident was defective.

There was a trial by jury. The plaintiff having closed his evidence, the defendant demurred thereto; upon which plaintiff joined issue, and the court overruled the demurrer and instructed the jury to find for the plaintiff the actual damages by him sustained, if any, as the only question left for their determination. There was a verdict and judgment in favor of plaintiff for $4600. Defendant made its motion for a new trial, which being overruled, it excepted thereto and in open court gave notice of appeal; and thereafter perfected its appeal by filing a supersedeas bond and an assignment of errors.

The Court of Civil Appeals affirmed the judgment of the District Court.

This case is presented to this court upon the following propositions and objections to the judgment of the District Court and the Court of Civil Appeals:

First. That the court erred in overruling the defendant's special exception to the plaintiff's petition.

Second. That the court erred in overruling the defendant's demurrer to the evidence and directing the jury to find for the plaintiff, instead of entering judgment for the defendant.

Third. That the Court of Civil Appeals erred in holding that upon overruling the defendant's demurrer to evidence the court below properly

refused to submit the case to the jury upon the evidence, to determine whether or not the plaintiff was entitled to a verdict.

Plaintiff in error excepted to the petition, because it did not show wherein or how the brake alleged to have caused the accident was defective. The portion of the petition which contained the allegations objected to is in substance as follows:

" Plaintiff attempted to get on said flat car at its rear end, and stepped upon a step placed on the car for that purpose, and caught hold of a wheel or top of a brake on said car in order to get on said car and use said brake, when said brake, by reason of its defective and unsafe condition, gave way, and plaintiff was thrown and fell violently on an iron or steel rail, * * * and he was then and there by reason of the wrongful, careless, and negligent acts of defendant company in allowing said car with its unsafe, defective, and loose brake to remain and be used in said unsafe and dangerous condition," etc.

As was said in Railway v. Brinker, 68 Texas, 502, " These allegations pointed out the particular place and thing which were insufficient and needed repair, and it was not necessary to detail their faults and imperfections. A plaintiff is not ordinarily presumed to know the condition of the track, machinery, and equipages of a railroad, so as to specify what particular defect has brought about the disaster by which he was injured."

It is claimed, that in a suit by an employe for damages the allegation should be more specific than is required in a suit by a passsenger. Clark v. Railway, 15 Fed. Rep., 588, is cited to sustain the position. The question was not involved in that case, which was a suit by a passenger. Moreover, it is stated that the opinion was delivered orally, which entitles it to less weight, as the report of it may not be accurate. But if we accept the proposition as correct, the allegation in this petition is amply sufficient. The same reason that exempts a passenger from the necessity of making specific allegations of the particular points in which the machinery was defective apply with full force in this case. The plaintiff was employed in the yards at San Antonio, and not upon this train. When he mounted the car in obedience to the order of the yard master, he had no time to examine the brake and ascertain the specific defects in it. He fell, and his leg was broken, from which he was confined to the hospital for six months. He could know that the defect was in the brake, but as to the particular defect he could not know. The defendant had all opportunity to know the facts, and it was sufficient to direct its attention to the thing that was defective. The court did not err in overruling the exceptions.

The defendant having demurred to the evidence, and the plaintiff having joined in it, the case was as to the facts and the right of plaintiff to recover withdrawn from the jury, and must be decided by the court.

Booth v. Cotton, 13 Texas, 362; Tierney v. Frazier, 57 Texas, 443; Thornton v. Bank, 3 Pet., 40; Obaugh v. Finn, 4 Ark., 110; 1 Tidd's Prac., 575.

If the damages claimed by plaintiff were liquidated, the court might decide the entire case, for in that event there would be no issue to submit to the jury. But when, as in this case, the damages claimed are unliquidated, that question must be submitted to a jury to ascertain the amount. Ins. Co. v. Lewis, 1 So. Rep., 863; Boyd v. Gilchrist, 15 Ala., 856; Young v. Foster, 7 Port. (Ala.), 420; 1 Tidd's Prac., 575; 2 Id., 866.

When a demurrer to evidence has been presented and joined in by the opposite party, the court may submit the case to the jury to ascertain the damages before deciding upon the demurrer, and hold the verdict subject to decision on the demurrer. Or if the demurrer be decided before the jury then empanelled has been discharged, the court may submit the question of damages to the jury that heard the evidence. Or the court may, upon presentation of the demurrer, discharge the jury, and in case it be overruled empanel a new jury to assess the damages. 2 Tidd's Prac., 866; Ins. Co. v. Lewis, 1 So. Rep., 863; Obaugh v. Finn, 4 Ark., 110; Young v. Foster, 7 Port. (Ala.), 420; Boyd v. Gilchrist, 15 Ala., 856; Humphreys v. West, 3 Rand., 516.

It is the better practice, we think, to submit the question of damages to the jury that has heard the evidence, either before or after decision on the demurrer, by which delay and cost would be saved for the parties to the action. Whether it be submitted before or after the decision upon the demurrer can not be of importance nor work injury to either party. It was not error to submit the issue as to the amount of damages to the jury then empanelled, after the demurrer had been overruled.

Plaintiff in error claims that the court, after overruling its demurrer to the evidence, should have submitted the case to the jury on the evidence as to the right of plaintiff to recover. This would be a most extraordinary result of a demurrer to evidence. By it defendant would, under that practice (if it were the practice in any court), withdraw the case from the jury as to the rights of the plaintiff, and in case the decision was favorable to the defendant, the plaintiff would be deprived of a trial by jury at the election of the defendant; but in case the court to which defendant appealed should decide against it, then it must be allowed that trial which it sought to avoid by the demurrer. It would have been error to have done what plaintiff in error claims the court should have done. It would have been contrary to the law, against reason, and against the right.

The defendant having demurred to the evidence, and the plaintiff having joined in the demurrer, the court would look alone to the plaintiff's evidence, and would draw from it every reasonable deduction in favor of the plaintiff that a jury would be permitted to draw. Dangerfield v. Paschal, 11 Texas, 579.

A demurrer to evidence admits every fact and conclusion which the

evidence conduces to prove.    Booth v. Cotton, 13 Texas, 362; Thornton v. Bank, 3 Pet., 40; Railway v. Moore, 15 Am. and Eng. Ry. Cases, 241; McKinley v. McGregor, 3 Whart., 369; Doe v. Rue, 29 Am. Dec., 371. The demurrer does not admit forced and violent inferences; "but the testimony is to be taken most strongly against him [the defendant], and such conclusions as a jury might justifiably draw the court ought to draw."    Higgs v. Shehee, 4 Fla., 384.

The remaining question which it is necessary for this court to consider is, did the court err in overruling the demurrer to the evidence?    In considering this we must bear in mind that no conclusion adverse to the plaintiff's right to recover can be considered, no matter how well they might be supported by the facts.    Although we should believe that a jury might with the greater propriety have found for the defendant, the judgment must be sustained, unless it appears that a jury could not in a proper discharge of duty, under the view of evidence most favorable to plaintiff, have found for the plaintiff at all.

The only controverted points upon this question are:

1.  Was the brake in an unsafe condition for use by the plaintiff in the manner that he attempted to use it?

2.  Was plaintiff's injury caused by defects in the brake?

3.  Was defendant guilty of such negligence with reference to the condition of the brake as to make it liable for plaintiff's injuries?

It was the duty of the defendant to furnish to plaintiff a reasonably safe brake upon the car, and to maintain it in that condition.    Railway v. Whitmore, 58 Texas, 276.    Machinery may be defective by reason of the absence of a proper part of it, or on account of its want of proper adjustment to other parts appertaining to its use.    If a necessary or proper part of the brake should be removed by a servant, it would be the duty of the company to supply it when notified of its removal; or if the brake were not properly adjusted by such servant, whereby it was rendered unsafe for use, it would be equally the duty of the railroad company to have the defect remedied when notified of its condition.    In neither case would the company be liable to a fellow servant of the employe guilty of the negligence for injuries resulting from such unsafe condition until it had notice of it, or until it had such opportunity to learn of the condition of the brake as would charge it with notice thereof.    But in either instance the railroad company would be held liable to a fellow servant for an injury resulting from the defect after it knew or should by ordinary care have known of the unsafe condition of the machinery.

A railroad company will not be relieved of liability to a servant resulting from its negligent failure to perform so important a duty as maintaining the good condition of its cars, by reason of the fact that the negligence of another servant, a fellow servant of the injured man, has

concurred in producing the injury.   Railway v. Kizziah, 86 Texas, 81; Railway v. Whitmore, 58 Texas, 276; Railway v. Kirk, 62 Texas, 227.

The brake in this instance was without a key, but the injury evidently did not result from that fact.   Doubtless the person whose duty it was to set the brake in place after the car was loaded failed to place it in the lower socket, by which it would be held in an upright position.

When the plaintiff was ordered by the yard master to stop the car, the brake was in an upright position, and apparently safe to use in the manner that he attempted, which was the usual way of mounting such a car. The plaintiff did not know of the condition of the brake, and had no opportunity to discover it, as the car was in motion when he first saw it. When plaintiff caught hold of the brake and put his weight upon it, on account of the lower end not being in the socket, it fell over towards him, which caused him to fall on the rail of the track, whereby he was injured.   The injury was caused by the condition of the brake.   The brake was in an unsafe condition for such use in its then condition.

There is nothing in the evidence to show when, where, or by whom the car was loaded, nor whose duty it was to place the brake after the load was placed upon the car.   From the knowledge that is common and the evidence, a jury would have been authorized to conclude that the car had been loaded with lumber at a point distant from San Antonio; and whether it came from the east or west of that city, it must have been carried over the defendant's road for a long distance, passing a number of stations, which afforded ample opportunity for defendant to have inspected it.   It was the duty of the railroad company to cause the inspection to be made at reasonable times by competent persons.   If it failed to inspect the car at proper times, it was guilty of negligence; if it was inspected, and a defect so manifest was not discovered, it was no less inexcusable neglect of an important duty.   In either case it would be liable for the injury occurring by reason of the defective condition of the brake.   Therefore, the defendant being guilty of negligence, if it be admitted that the servant of the railroad and fellow servant of plaintiff in the first instance was guilty of negligence which contributed to the injury, defendant was properly held liable, and the demurrer to the evidence was rightly overruled.

The judgments of the District Court and the Court of Civil Appeals are affirmed.

*Affirmed.*

Delivered May 24, 1894.