CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY v. S. T. CLEAVER.

Decided December 19, 1907.

1.—Damages—Incapacity to Labor—Value of Services.

The husband may recover for personal injuries to the wife incapacitating her for ordinary household labor though the value of her services in such capacity was not shown.

2.—Demurrer to Evidence.

On demurrer to the evidence every fact and conclusion which the evidence conduces to proof will be taken as admitted.

3.—Contributory Negligence—Getting off Train in Motion.

It is not negligence in itself for a passenger to get off a train while it is moving slowly. Facts considered and held not so conclusive of plaintiff's negligence in this regard as to require judgment for a defendant on his demurrer to the evidence.

Appeal from the District Court of Montague County. Tried below before Hon. Clem B. Potter.

*N. H. Lassiter, Robert Harrison* and *Jas. H. Graham,* for appellant.—The court erred in refusing to give special charge No. 2 requested by this defendant. City of Dallas v. Moore, 32 Texas Civ. App., 230; Galveston, H. & S. A. Ry. Co. v. Worthy, 27 S. W. Rep., 428; Hirsch Bros. v. Ashe, 35 Texas Civ. App., 495; International & G. N. Ry. Co. v. McVey, 87 S. W. Rep., 329.

The evidence of the plaintiff and his wife shows that they were guilty of contributory negligence proximately contributing to the accident, in that they deliberately stepped off a moving train knowing that it was moving. Texas Midland Ry. Co. v. Ellison, 87 S. W. Rep., 215; Fanning v. St. Louis S. W. Ry. Co., 38 Texas Civ. App., 513.

*J. L. Rudy* and *Chambers & Cook,* for appellee.—This being a suit by the husband for damages sustained through personal injuries to the wife, and the evidence showing that she sustained injuries incapacitating her to perform her usual house work, it was not necessary to either allege or prove the value of her services. Such fact could be determined by the jury. Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W. Rep., 128; Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App., 201.

We are unable to differentiate this case from that of Mills v. Missouri, K. & T., 94 Texas, 242, and from that of Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 406.

HODGES, ASSOCIATE JUSTICE.—This suit was brought by Cleaver, as plaintiff, in the District Court of Montague County, against appellant, to recover the sum of $1,999 on account of personal injuries sustained by his wife on the 6th day of December, 1904, while leaving one of the appellant's passenger trains at Sugden, Indian Territory. At the conclusion of the plaintiff's testimony in the court below appellant demurred to the evidence, upon which the appellee joined issue. The demurrer was overruled by the court, and the jury instructed to return a verdict for the appellee in such sum as they might believe from the evidence would be a reasonable and fair pecuniary compensation for the injuries sustained by his wife, if any. A verdict was rendered in favor of the appellee for the sum of $1000, from which appellant has appealed.

*Findings of Fact.*—Plaintiff and his wife were passengers on board one of the appellant's trains passing through the Indian Territory, intending to stop at Sugden, a station on the appellant's line of railroad. Just before reaching that place the name of the station was called out by one of the trainmen, in the usual way of calling stations; and the conductor, passing through, took the check out of the hatband of the appellee and called his attention to the fact that they were approaching Sugden. At that time plaintiff was dozing, it being early in the morning; but the conductor's conduct aroused him. He and his wife immediately began to make their preparations to leave the train; they gathered up their baggage and got their two children ready and arose to leave the car. At this

juncture they noticed that the aisle leading toward the rear end of the car in which they were riding was full of people who seemed to be intent also on getting off the train. Thinking that they could get out sooner and more easily by going to the front end of the car, both the plaintiff and his wife then went to that end for that purpose. The train by that time had reached the depot, and if it stopped at all stopped only a few seconds, and not a sufficient length of time to permit the appellee and his wife to alight therefrom when it was standing. Appellee's wife in leaving the train carried in her arms their youngest child, a baby about eighteen months of age, her husband having in charge the older child and some of the baggage. In going out of the car the appellee preceded his wife by only a very short distance, she following close after him. Just before getting on the platform of the car he told her to come on, indicating for her to follow him on off the train. When the appellee and his wife reached the platform of the car they both observed that the train was in motion, but thought it was going sufficiently slow to enable them to get off in safety. The husband was the first to step off; and as he did so, perceived that the motion of the train was faster than he at first thought. He alighted upon the platform of the depot, being opposite that point at the time; was slightly thrown off his balance by the motion of the train, but did not fall. His wife, who followed close after him, also stepped off before her husband had time to warn her not to come, or to inform her that the train was going faster than he thought. When she stepped to the ground she fell upon some cinders, about ten or fifteen feet farther in the direction in which the train was then going than where her husband had alighted. The fall was occasioned by the motion of the train, and from this she sustained the injuries for which this suit was brought. After the fall of the appellee's wife the train was stopped and the trainmen came back to where she was, made some inquiries as to how the accident happened, rendered some assistance and then left. While there, however, the brakeman or porters, who seem to have had charge of the exits from the train, made the statement that she did not get off at the points where they were stationed, indicating thereby that the train had stopped and at the time appellee and his wife got off had started up again.

At the time and before her injuries appellee's wife was a healthy woman, about 44 years of age, and weighed about 145 pounds. It is unnecessary to detail the extent of her injuries or the other elements of damage for which judgment was recovered, as no question is raised as to their having resulted directly from the fall or of being sufficiently serious to justify the finding of the jury.

*Conclusion of Law.*—The first assignment to which our attention is called by the appellant is the refusal of the court to give the following special charge: "You are instructed that you can not find for plaintiff anything for damages, if any, resulting from diminished capacity to labor, if you believe the evidence shows a diminished capacity to labor." The appellee contends that by reason of the fact that both the appellee and his wife testified that she was not

quite herself for a day or two after the injury, and that since her injury she has been unable to do her house work, which she had formerly done, this would authorize the jury to take those things into consideration in fixing the amount of their verdict. Appellant's counsel insists that the jury could not do this, because there was no testimony anywhere in the record that attempts to point out to what extent she was disabled or what was the extent of this disability in a pecuniary way—in other words, as we suppose, because there was no testimony as to what the value of the services she was prevented from performing were. No complaint is made of the general charge of the court, but it is conceded, on the contrary, that it was correct insofar as it went; but by reason of the failure of the general charge to instruct the jury that they could not take such things as those referred to above into consideration in estimating the amount of damage to which the appellee would be entitled, the jury might have considered these items in making up their verdict. We do not think there was any error in refusing this special charge. The legal proposition here involved has been so frequently decided in this State against the contention of the appellant that it is unnecessary to further discuss it. It is sufficient, in disposing of the question, to refer to the following authorities as holding contrary to the contention of appellant. Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W. Rep., 128; Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; San Antonio & A. P. Ry. Co. v. Jackson, 38 Texas Civ. App., 201; Northern Texas Traction Co. v. Mullins, 44 Texas Civ. App., 566.

The remaining assignments of error upon which the appellant relies for a reversal of this case are directed at the legal sufficiency of the evidence to sustain the action of the court in overruling the appellant's demurrer to the evidence or to support the finding of the jury in favor of the plaintiff for any amount.

In its answer appellant relied upon the defense of contributory negligence, and now insists that the plaintiff's wife is, by the testimony offered by plaintiff, shown to have been guilty of such an act of contributory negligence in getting off of the moving train at the time and under the circumstances she did as will effectually preclude the plaintiff's right to recover, notwithstanding the negligence of the appellant's servants in failing to stop the train at Sugden long enough to permit her to alight in safety. Appellant having elected to demur to the evidence and the plaintiff having joined issue thereon, every fact and conclusion which the evidence conduces to prove will be taken as admitted by the appellant. While a forced or a violent inference can not be indulged from such proceeding, yet the testimony is to be taken most strongly against the party demurring, and such conclusions as the jury might justifiably draw from the evidence will be sustained. Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 42; 6 Ency. Plead. & Prac., 443. It follows, therefore, that unless upon a consideration of all the testimony adduced by the plaintiff, and after drawing all of the justifiable inferences therefrom in favor of the plaintiff upon the issue of contributory negligence, we reach the conclusion that appellee's

wife was guilty of contributory negligence, as a matter of law, in attempting to alight from the train at the time she did, the verdict and judgment in this case must be sustained. In the case of Texas Midland Ry. Co. v. Ellison, 87 S. W. Rep., 214, cited and relied upon by the appellant, the rule is thus laid down by Mr. Justice Talbot: "The criterion, as we understand it, for determining whether the act of the passenger in attempting to board or alight from a moving train shall be deemed negligence per se, is, was the act, under the circumstances, dangerous, and was the danger known to the passenger or so obvious that it can be said that no person of ordinary care and prudence would have committed it? The essential fact to be ascertained in determining the question is the knowledge of the danger incident to the act. If the danger was known to the party or so apparent that any rational person must have known it, then in either case if he voluntarily incurs the risk we think he should be held guilty of contributory negligence as a matter of law, and a right to recover denied." In that case the plaintiff was injured in an attempt to board a moving train, and upon the trial testified that he not only knew that the train was in motion, but that he also knew that it was dangerous to undertake to board it at the time and under the circumstances he did. He sought, however, to justify his action by showing that he was invited, or directed, by one of the railroad employes to get on the train at the time he made the attempt. It is not negligence per se to attempt to board a slowly moving train. Mills v. Missouri, K. & T. Ry. Co., 94 Texas, 242. Neither is it negligence per se to step from a moving train which checks its speed at a station instead of stopping as required by law. Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 407. We think the rule above announced by Justice Talbot is as liberal as appellant could claim, and maybe more so than should be adopted in all cases without qualification. Applying that rule to the facts in this case, we are unable to say that Mrs. Cleaver was guilty of contributory negligence, as a matter of law, in attempting to alight from the appellant's train at the time and under the circumstances she did. It is true that she knew that the train was in motion, but the other essential element to constitute contributory negligence was lacking—a knowledge of the fact that it was dangerous to make the attempt. Certainly, the testimony was not sufficient to show conclusively that the danger was so apparent that any person of ordinary care and prudence ought to have known that it was dangerous. Appellant's servants in charge of the train owed the appellee and his wife the duty of stopping the train long enough to permit them to alight therefrom in safety when they reached the depot at Sugden, and both appellee and his wife had a right to expect that this duty would be observed. The testimony tends to show that the train stopped only a few seconds and then started on, not allowing sufficient time for these passengers to get off. When Mrs. Cleaver reached the platform of the car, preparatory to alighting, and saw that the train was in motion, she had a right to conclude, and probably did, that the train had just started up again after the short stop and was going at a rate sufficiently slow to

permit her to alight without danger.  She was a healthy woman near the prime of life; her husband had just preceded her and stepped upon the platform of the depot without any injurious results. It was but natural, under the circumstances, that she should follow after him and also get off of the train.  By nature a woman is more prudent and cautious than a man, and ordinarily shrinks from the appearance of danger more readily than the stronger sex.  Her condition in life and her surroundings all tend to develop habits of caution and prudence far beyond that which characterizes men. We do not feel disposed to go so far as to say, after considering the facts of this case, that an ordinarily prudent person would not have done as Mrs. Cleaver did, or that the danger was so apparent that no person of ordinary prudence should have undertaken the risk.

Finding no error in the judgment, it is accordingly affirmed.

*Affirmed.*

Writ of error refused.