The Texas & Pacific Railway Company v. James Laverty.

No. 506.

**1. Verdict Sustained — Conflicting Evidence.**—Where the evidence, though conflicting, is sufficient to support the finding of the jury, the verdict and judgment thereon will not be disturbed on appeal.

**2. Charge of Court — Negligence — Railway Crossing.** — It is not error, as being on the weight of evidence, for the court to charge, that the defendant railway company would be liable for the injury done, if plaintiff was struck at a public crossing by a moving train, because of neglect to ring the bell or blow the whistle, as required by the statute. See the opinion for charge approved.

**3. Same — Cases Qualified.** — The language of the court in Railway v. Calhoun. 84 Texas, 226, quoted in Railway v. Roberts, 2 Texas Civil Appeals, 111, to the effect that it is error for the court to charge more than the statutory duty of the train operatives, in approaching a public crossing, to ring the bell or blow the whistle, in so far as it emphasizes the principle that negligence is an issue of fact, is held to be too broad, as applicable to a state of facts such as this case presents.

Appeal from Tarrant.    Tried below before Hon. N. A. Stedman.

*Finch & Thompson*, for appellant.—1.  Where there is no evidence to sustain a verdict, or the verdict is clearly against the great weight of the evidence, it should be set aside.   Railway v. Casey, 52 Texas, 112; Railway v. Schmidt, 61 Texas, 282; Jacobs, Bernheim & Co. v. Crane, 62 Texas, 417; Block, Oppenheimer & Co. v. Sweeny & Coombs, 63 Texas, 427; Railway v. Dillard, 70 Texas, 64; Railway v. Porfert, 72 Texas, 344; Thorne v. Frazier, 60 Texas, 261.

2.  The court erred in the first paragraph of its charge to the jury, in calling their attention to a failure to ring the bell or blow a whistle, and the manner of starting the engine and cars backward at the place of accident in question.   The allegations of the petition did not warrant such charge; and the charge in this particular is upon the weight of the evidence, commenting thereon, and gives undue prominence to the testimony as to the failure to ring the bell or blow the whistle, and manner of moving said cars backward.   Railway v. Calhoun, 84 Texas, 226; Bardly v. Tarrant County, 53 Texas, 251; Railway v. Roberts, 2 Texas Civ. App., 111.

*Wynne & McCart* and *Furman & Terrell*, for appellee.—1.  When it is shown that a person, without fault upon his part, has been injured by a moving railway train on a street crossing, in order for the persons operating such train to escape liability for the injuries inflicted, they must show the performance of their statutory duty in approaching such cross-

ing, to-wit, the blowing of a whistle or ringing of a bell; and upon their failure to do so, negligence will be presumed.  Rev. Stats., art. 4232.

2. When the act of negligence complained of consists in a failure to perform a duty enjoined by statute, the jury may properly be instructed that such failure constitutes negligence.   Railway v. Wilson, 79 Texas, 371; Railway v. Matula, 79 Texas, 577.

*Ben M. Terrell*, also for appellee.—1.  The failure to ring the bell or blow the whistle in approaching the public crossing was negligence, both at common law and under the statute.   Railway v. Anderson, 2 Willson's C. C., secs. 205, 206; Railway v. Gray, 65 Texas, 32; Railway v. Jones, 8 Am. and Eng. Ry. Cases, 267; Railway v. Dillon, 123 Ill., 570; 1 Harris Dam. by Corp., sec. 305.

2. Whenever the statute requires an act to be done, a failure to do that act is negligence per se, and may be so declared as a matter of law by the court.   Railway v. Nixon, 52 Texas, 27; Railway v. Wilson, 60 Texas, 142; Railway v. Matula, 79 Texas, 582.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered judgment upon the verdict of a jury for $7000 damages caused by appellant' in negligently running one of its freight trains against him at a public street crossing in the city of Fort Worth, whereby he was knocked down and his fingers cut off by the wheels of the car.   The evidence of appellee made out his case, and the verdict is sustained thereby, both as to negligence and as to the amount of the recovery.   He was before the court and jury, and while there were many other witnesses, testifying by deposition, whose statements tended very strongly to show that the accident did not occur on the crossing, and that appellee was drunk or asleep, or both, when the accident occurred, the jury deemed his testimony worthy of belief, and their verdict has been approved by the judge presiding. He was corroborated by some other witnesses, though we think their testimony did not greatly strengthen the case.   After a careful reading of the statement of facts, we have come to the conclusion that we would not be warranted in disturbing the verdict.

We are further of opinion, that under the facts of this case the court did not err in instructing the jury substantially as follows:  "If you believe from the evidence that plaintiff's injuries were produced by the moving backward of an engine and cars upon and against him, without the ringing of the bell or blowing of the whistle of said engine by the persons in charge of the same, in starting said engine and cars backward, and without the ringing of said bell or blowing of said whistle by said persons before defendant was struck; and if you further believe from the evidence that plaintiff was injured while in the act of crossing a public street; and if you further believe that plaintiff received said injuries on

account of the failure of the persons in charge of said engine and cars to ring the bell or blow the whistle, you will find for plaintiff, unless you find for defendant under succeeding instructions."

The language of the court in Railway v. Calhoun, 84 Texas, 226, quoted by us in Railway v. Roberts, 2 Texas Civil Appeal, 111, to the effect, that it is error for the court to charge more than the statutory duty of the train operatives in approaching a public crossing to ring the bell or blow the whistle, is urged upon us by appellant as announcing a rule which this charge violates. The correctness of the decisions in those cases is not questioned, but, as applied to the facts of this case, the language therein employed to emphasize the principle that negligence is an issue of fact is believed to be too broad, and in quoting it the writer was probably guilty of promulgating a mere dictum. Railway v. Matula, 79 Texas, 582; Railway v. Nixon, 52 Texas, 27; Railway v. Wilson, 60 Texas, 142.

Here the case made by plaintiff below, and submitted by the court to the jury, was one solely of an injury resulting from a collision at a street crossing, under circumstances, if his theory be accepted, which made it manifest that the inexcusable failure to observe a statutory requirement led to the accident.

The other assignments have all been carefully examined and are not believed to be well taken.

The judgment will therefore be affirmed.

*Affirmed.*

Delivered June 21, 1893.

A motion for rehearing was overruled September 13, 1893.