## City of San Antonio v. Julius Kreusel.

### Delivered December 3, 1897.

**1.  Charge of Court—Action for Personal Injury.**

A charge of court, in an action for injuries received by falling into a trench, instructing the jury to find for plaintiff, "if you believe from the evidence said trench was left open or unguarded or unlighted," will not be considered a charge to find against defendant by reason merely of the trench being left open, where the remainder of the charge is to the effect that it must have been left open in such manner that the act of so doing was one of negligence and not consistent with ordinary care.

**2.  Mental Suffering—Proof Not Requisite.**

Direct evidence of mental suffering well pleaded is not necessary where the injury appears to be serious and its effect permanent.

**3.  New Trial—Newly Discovered Evidence.**

Plaintiff's motion for a new trial on the ground of newly discovered evidence is properly overruled where the existence of such evidence was known to him before the close of the argument, and no effort was made to introduce it.

Error from Bexar.    Tried below before Hon. R. B. Green.

R. B. Minor, for plaintiff in error. ·

B. L. Aycock and T. T. Vanderhoeven, for defendant in error.

JAMES, Chief Justice.—The action was for damages for personal injury alleged to have been received by plaintiff's wife as the result of her falling at night into a trench alleged to have been opened by the city in one of its streets.    There was evidence to support a finding that the city had been negligent in respect to the condition it was left in, and that such negligence was the proximate cause of her injury, and that she was not guilty of contributory negligence.

The first and second assignments go to the third paragraph of the charge, which reads as follows:·

"You are instructed that if you believe from the evidence that the defendant, its agents, servants, or employes, dug a trench or excavation on Garden Street, and you believe that said trench or excavation was a dangerous obstruction, and you believe from the evidence that said trench was left open or unguarded or unlighted, and you believe that the leaving of said trench or excavation in the condition you find from the evidence the same to have been at the time of the alleged injury, was such as an ordinarily prudent and reasonable person would not, under like and surrounding circumstances, have left said trench or excavation, and you further believe from the evidence that the wife of plaintiff fell in said trench and was injured, and that if the failure, if any, of the defendant, its agents, servants, or employes, to exercise the same care and prudence that an ordinarily cautious and prudent person would have done under like circumstances, was the proximate cause of the injuries, if any, to the wife of plaintiff, and you further believe that at the time of the alleged injuries the wife of plaintiff was exercising the care that an or-

dinarily reasonable, careful person would have exercised under similar circumstances and surroundings, and you believe that plaintiff was not guilty of contributory negligence as hereinafter charged, then you will find for the plaintiff."

The grounds of objection to this part of the charge are: (1) That it instructed the jury that defendant was liable if the trench was left either open or unguarded or unlighted, whereas defendant could not be liable unless it was both open and unguarded, or unlighted; and (2) because it was calculated to mislead and confuse the jury as to the conditions and circumstances whereon defendant's liability depends. Both the assignments evidently refer to the same matter. We believe the charge, rightly considered, does not instruct the jury that they might find against the defendant by reason simply of the trench being left open. The charge, read in the light of appellant's criticism, would be that if the jury believed that if it was left open, and that the condition that it was left in was such as an ordinarily prudent person would not have left it in, then defendant would be deemed guilty of negligence in respect thereto. The entire expression of the court should be considered, and not a fragment thereof. Certainly the jury were not charged that defendant was liable from the mere fact that the excavation was left open, but they were charged that if it was open, and left in such a manner as was not consistent with ordinary care, it would be liable. This was correct as a proposition of law. It might as well be claimed that they were instructed that if they found it unlighted or unguarded, defendant was liable. The court did not even do this, but requires the act to be one of negligence in order to make defendant liable.

The third assignment complains of that portion of the charge permitting the jury to consider the wife's mental suffering, because, as is stated by plaintiff in error, there was no evidence that she experienced any mental suffering. The petition alleged mental suffering. The decisions in this State are that direct evidence of such matters need not be given, when the injury appears to be serious and its effects permanent. Railway v. Curry, 64 Texas, 85; Brown v. Sullivan, 71 Texas, 470.

The fourth and fifth assignments are not well taken. It is not shown by the brief of plaintiff in error that the husband knew of an excavation at that place. The jury were asked to be charged that if he knew that curbstones were lying in the street preparatory to the construction of a sidewalk, and that his wife was in the habit of going to town by way of this place, and he did not warn his wife of the condition of the street, he could not recover. There was no evidence, we think, to justify a charge of this kind.

There is no merit in the sixth, eighth, and ninth assignments. The seventh complains of the denial of a new trial for alleged newly discovered evidence. The statement of the proposed witness did not purport to be sworn to by him before a person authorized to administer oaths. But a sufficient reason for refusing a new trial for his testimony is the fact that defendant had knowledge of it before the conclusion of the

arguments, and from the affidavit of the mayor of the city to whom the witness communicated his testimony, it seems this official was apprised of the testimony before the testimony closed. This last mentioned fact unquestionably required the overruling of the motion for a new trial, so far as this ground was concerned. If, however, it were found that defendant did not receive the information until after the arguments had commenced, still, to warrant the consideration of such testimony as newly discovered evidence, upon a motion for a new trial, proper effort should have been made to have it placed before the jury by invoking the power of the court to admit it at that time, or by asking to be allowed to withdraw the announcement of ready. Plaintiff in error could not, under the circumstances, take the chance of a verdict with the evidence as it stood, and upon an adverse verdict set up its nonintroduction as a reason why it should be awarded a new trial.

*Affirmed.*

Writ of error denied.