Texas & Pacific Railway Company v. N. P. Scruggs.

Decided June 2, 1900.

**1. Appeal—Fact Case—Credibility of Witnesses.**
The appellate court will not disturb a verdict supported by evidence and only to be set aside by determining the credibility of witnesses whose testimony conflicts.

**2. Charge—Damages—Evidence.**
An instruction permitting recovery for time lost since date of a personal injury is not unwarranted by evidence which shows some loss of time during the period though plaintiff continued to work.

**3. Damages—Mental Suffering—Physical Injury.**
Mental suffering may properly be submitted as an element of damages to be considered, though there be no evidence of its existence except proof of permanent injury and intense physical suffering.

**4. Fellow Servant—Laborers Under Different Foremen.**
A wiper employed under directions of the foreman of a roundhouse about an engine therein, and hurt by its being moved by another engine brought against it by one acting under orders of an outside foreman, was not injured by his fellow servant.

Appeal from Calahan. Tried below before Hon. N. R. Lindsey.

*Bidwell & Stennis* and *F. S. Bell,* for appellant.

*John Bowyer,* for appellee.

STEPHENS, Associate Justice.—Appellee recovered a verdict and judgment in the sum of $200 for lost time and the further sum of $800 for mental and physical suffering as the result of a personal injury received by him in December, 1898, at Baird, Texas, while engaged in the service of appellant in the capacity of what is known in railroad parlance as "wiper." The ground of recovery was the negligence of appellant in producing a collision between an engine standing over the cinder pit upon which appellee was engaged, under the orders of the inside round-

house foreman, in keeping the fire alive, and an engine "run in" from the outside.

The verdict establishes the affirmative of the issue, as submitted, and more fully stated in the first paragraph of the court's charge, with the consequent damage as above shown. It is, however, earnestly insisted that the evidence did not warrant this verdict in either respect. Appellee's case rests almost entirely upon his own testimony, and he is contradicted by numerous witnesses, but we have no means of determining the credibility of the several witnesses. That issue was one peculiarly within the province of the jury in the first instance, and of the trial court in the second instance in reviewing their verdict upon motion for a new trial. Without overruling a long line of precedents in this State, we could not, therefore, grant any relief upon this ground. See Railway v. Laverty, 22 S. W. Rep., 1047, 29 S. W. Rep., xx., and numerous other cases.

As to the item of damage for loss of time, complaint is made of the charge because the jury were allowed to find for lost time from the date of the injury, when the evidence showed that appellee continued to work for appellant up to June 5, 1899. But, according to his testimony, he lost some time immediately after the injury, and several months' time between June 5th and the date of the trial, and we think the charge was consequently applicable to the case made by the testimony. Besides, the amount allowed by the jury clearly indicates that no injury could have resulted from the instruction complained of.

The most serious contention urged against the charge is founded upon the paragraph which authorized the jury to find damages for mental suffering; but as there was evidence tending to show permanent injury and tending to show intense physical suffering, we think the court was warranted in submitting both mental and physical suffering as elements of recovery. Brown v. Sullivan, 71 Texas, 470.

The assignment complaining of the charge for submitting permanent injury is clearly without merit, since the pleadings and evidence raised that issue and the jury found against appellee upon it.

The remaining assignment complains of the charge upon the ground that the pleadings and evidence showed that the person producing the collision was a fellow servant with appellee. This defense is interposed for the first time in this court, and as the verdict compels us to accept appellee's statement of the case, both in his pleadings and in his testimony, there is no merit in the contention. According to his version, the person producing the collision was acting under the orders of an outside foreman, while appellee was acting exclusively under the orders of an inside foreman, the jurisdiction of the one foreman being entirely separate and distinct from that of the other.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.