### GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. WILLIAM ABBEY.

Decided April 23, 1902.

**1.—Personal Injury—Negligence—Pleading.**

In an action for personal injuries where plaintiff alleged that defendant had negligently permitted an engine step to become loose, defective, and insecurely fastened, whereby it turnd with him, throwing him beneath the wheels, it was not necessary to allege how and in what manner defendant had permitted the step to become loose.

**2.—Same—Charge—Measure of Damages.**

In an action for personal injuries the court properly charged that if the jury found for plaintiff they should allow him such sum as they believed from the evidence would compensate him for the injuries sustained, enumerating the elements of damages they might take into consideration.

**3.—Same—Verdict Not Excessive.**

A verdict for $16,000 held not excessive in a case where a railway engineer, 35 years old, earning $175 per month, was so injured as to cause intense and continued suffering and the loss of a leg.

Appeal from Bexar.   Tried below before Hon. J. L. Camp.

*Baker, Botts, Baker & Lovett* and *Newton & Ward,* for appellant.

*Perry J. Lewis* and *H. C. Carter,* for appellee.

NEILL, Associate Justice.—This suit was instituted by appellee, William Abbey, against appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of appellant while he was in the company's employ as a locomotive engineer.

The appellant answered by general and special exceptions, a general denial, and by pleading specially that appellee assumed the risk of the defect in the fastening of the engine's step by reason of which the alleged injury occurred, and that he was guilty of contributory negligence in failing to discover such defects.

The case was tried before a jury and a judgment rendered upon their verdict against appellant for the sum of $16,000.

*Conclusions of Fact.*—On November 22, 1900, appellee, a locomotive engineer of appellant, in starting on his run from Del Rio to Sanderson, after he had run his engine out of the roundhouse noticed a very bad "pound" on it which he could not precisely locate.   For the purpose of locating the "pounding," and ascertaining whether it was caused from actual wear or something else, he got down on the tank step on the left side and waited until the fireman gave the engine steam, when he placed his left foot on the engine step which was ahead and a little lower than the one he was on, in order that he might get as low as possible so that he might locate the "pounding."   When his foot struck the engine step it turned about halfway around, and as it turned dropped from the stem it was on, and appellee fell to the ground with it, and the big driving wheel of the engine ran over his foot and ankle, crushing and mangling them. In consequence of his wounds it was necessary to have his leg amputated about three inches above the ankle joint.   The necessary surgical operation was performed the next day in the city of San Antonio.   From the time his injuries were inflicted until the amputation was made he suffered the most excruciating physical pain and agony.   He still suffers, and the evidence indicates that he will continue to suffer physical pain in consequence of his wounds.   The loss of his foot and ankle has incapacitated him from pursuing the avocation of locomotive engineer, for which he was well fitted and capacitated before his injuries were sustained, from the pursuit of which he was earning upon an average of $175 per month.   He was 35 years old when injured.   The engine step turned and slipped from the stem by reason of its being loose and insecurely

fastened. Its insecure and defective condition was not open to ordinary observation nor known to appellee until it became evident by the steps turning and giving way when he placed his weight upon it. He was in the discharge of his duty when the accident occurred, and in the exercise of ordinary care.

From these facts, which are shown by the uncontroverted evidence, we conclude (1) that it was through appellant's negligence that the engine step was insecurely fastened, became loose and so defective as to render it dangerous in the use for which it was designed and intended; (2) that such negligence was the proximate cause of appellee's injuries; (3) that the risk occasioned by such negligence was not assumed by appellee, or such as was ordinarily incident to his employment; (4) that the appellee was guilty of no negligence proximately contributing to his injury; and (5) that by reason of appellant's negligence he has been damaged in the sum of $16,000.

*Conclusions of Law.*—1. In his petition appellee alleges that on the 22d day of November, 1900, he was in the employ of defendant in the capacity of a locomotive engineer; that on said date at Del Rio, while he was in the discharge of his duty, it became necessary for him to put his foot upon the engine step, and that while his foot was placed and resting thereupon, the step turned and dropped off, by reason whereof his left leg was thrust under the wheels of the locomotive, which crushed and mangled his foot and ankle to such an extent as to make their amputation necessary. That through defendant's negligence said engine step became loose, defective, and insecurely fastened, so as to make it dangerous when used for the purpose for which it was placed upon the engine; that defendant had negligently failed to inspect said step, which it was its duty to do, in order to discover its defective condition.

The appellant specially excepted to the petition upon the ground that it did not allege how and in what manner defendant had permitted the step of the engine to become loose, defective, and insecurely fastened, but only the conclusions of the pleader are therein stated. The court overruled the exception, and its ruling is assigned as error.

It is not necessary in pleading a cause of action growing out of the negligence of the defendant for the plaintiff to allege "in what manner" the defendant had permitted the negligence to occur. The facts constituting negligence are averred; that is enough. It was the appellant's business to know the condition of its engine when it was started from the roundhouse and appellee put to work upon it. If this business had been attended to, appellant might have ascertained how and "in what manner" it "had permitted the step to become loose, defective, and insecurely fastened." Whether it would have found this out or not, it would have at least discovered that the step was loose and insecurely fastened and in a condition imperiling the life and limb of its servants in the use for which it was designed. This condition is a mournful *fact* when shown to have been the cause of appellee's mangled limbs and dreadful

suffering.    This fact was alleged as negligence, and proof of it, without regard to how or in what manner appellant permitted it to occur, established prima facie the breach of a duty appellant owed the appellee as its servant which rendered it liable for the injuries sustained in consequence.    If the condition of the step did not arise from the failure of appellant to exercise ordinary care to keep it fixed and securely fastened, it, being charged with knowledge of such care as it exercised, should, when appellee alleged and proved facts making a prima facie case of negligence, have shown on its part the exercise of ordinary care to prevent the conditions which caused the accident.    The court did not err in overruling the special exception to the petition.    Railway v. Templeton, 87 Texas, 42; Railway v. Brinker, 68 Texas, 502.

2.    The charge upon the measure of damages is such as has been repeatedly approved by this court in cases where writs of error have been refused by the Supreme Court.    After instructing the jury that if they should find for plaintiff, and believe from the evidence he was injured as alleged in his petition, then they should allow him such sum as they believe from the evidence will compensate him for the injury sustained, it simply enumerates certain elements of damages they may take into consideration in determining what sum of money will compensate him for the injury sustained.

3.    While the verdict is a big one, we are not prepared to say, in view of appellee's age, the amount of money he was earning before he was hurt, the nature and permanency of his injuries, his intense and continued suffering, and his incapacity to pursue his vocation, that it is excessive.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.