Atchison, Topeka & Santa Fe Railway Company v. I. A. Tack.

Decided June 15, 1910.

**1.—Employer's Liability Act—Failure to Charge.**

Where, in a suit by an employee against a railroad company for personal injuries received in the Territory of New Mexico, the court charged the jury to find for the defendant if plaintiff was guilty of negligence causing or contributing to his injury, and to find for defendant if defendant was not guilty of negligence, and the verdict was for the plaintiff, the defendant can not complain that it was injured by the failure of the court to try the case under and to charge the jury upon the Act of Congress known as the Employer's Liability Act, then in force in said Territory, whereby, the jury would have been permitted to pass upon comparative degrees of negligence. The jury must have found that the plaintiff was guilty of no negligence.

**2.—Cattle Guard—Negligent Construction.**

Evidence considered and held sufficient to support a finding that an employee on a railroad train did not know and was not charged with knowledge of the existence of a certain cattle guard on the road, nor of the danger incident to it by reason of its faulty construction, and that the railroad company was guilty of negligence in the construction of said cattle guard.

**3.—Master and Servant—Presumption of Care.**

An employee on a railroad train would not be required to anticipate that

his employer would be negligent in constructing a cattle guard too near the track, nor would he be required to keep a lookout for such obstructions.

#### 4.—Brief—Insufficient Statement.

A reference in a brief under one assignment of error to a voluminous statement of the evidence under another assignment is not a compliance with the rules concerning the presentation of assignments of error, and will not be considered.

#### 5.—Act of Congress—Laws of Territories.

The Act of Congress known as the Employers' Liability Act, being in force in a Territory, will supersede the laws of such Territory on that subject.

Appeal from the 41st Judicial District, El Paso County. Tried below before Hon. A. M. Walthall.

*Terry, Cavin & Mills* and *A. H. Culwell,* for appellant.—The court erred in not submitting this case under the terms and provisions of what is known as the Employers' Liability Act of Congress of June 11, 1906. Nashville, C. & St. L. Ry. Co. v. Alabama, 128 U. S., 99; Howard v. Illinois Central Ry. Co., 207 U. S., 463; State v. Missouri Pac. Ry. Co., 111 S. W., 500; State v. Texas & N. O. Ry. Co., 124 S. W., 984; State v. Chicago, M. & St. P. Ry. Co., 117 N. W., 686; El Paso & N. E. Ry. Co. v. Gutierrez, 30 Sup. Ct. Rep. (U. S.), 21.

Where the opportunities of the master and servant are equal to ascertain and know the dangers incident to and surrounding a particular character of work or service, or to know the physical surroundings at the place where such work is to be performed, the servant assumes the risk attending such work; and in this case the opportunities of appellee for knowing and ascertaining the condition and location of the cattle guard at the place of accident were better than were such opportunities on the part of the railway company. Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 73; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 215; Texas & P. Ry. Co. v. French, 86 Texas, 96; Currie v. Missouri, K. & T. Ry. Co., 20 Ct. Rep., 686; St. Louis Southwestern Ry. Co. v. Brisco, 100 Texas, 354; St. Louis Southwestern Ry. Co. v. Rea, 99 Texas, 58; Kansas City So. Ry. Co. v. Williams, 111 S. W., 196; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 629; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 636; Rogers v. Galveston City Ry. Co., 76 Texas, 506; Mexican Cen. Ry. Co. v. Shean, 18 S. W., 151; Missouri, K. & T. Ry. Co. v. Spellman, 34 S. W., 298; Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 257; Southwestern Tel. & Tel. Co. v. Tucker, 110 S. W., 481.

*Patterson & Wallace,* for appellee.

JAMES, Chief Justice.—Appellee sued for damages for personal injury alleged to have been sustained by him on or about March 2, 1908, while engaged as a locomotive engineer in the service of appellant in New Mexico. He alleged that while in the performance of his duties in ascertaining the condition of the engine, and whilst in the usual position assumed on the side of the cab in doing such inspection,

he was struck by a cattle guard and injured, the same being constructed and maintained too close to the track. The petition alleged in addition the Act of Congress of June 11, 1906, known as the Employers' Liability Act, which at the time of the accident, superseded all laws of the Territory governing the relations of plaintiff and defendant. It does not appear to be necessary to state further from the petition.

Defendant, among other things, specially excepted to the petition, stating: "The plaintiff's cause of action, as stated in the petition, is based and predicated upon an Act of Congress known as the Federal Employers' Liability Act, passed and approved by the Congress of the United States of America, April 22, 1908, which said petition states is the law applicable to recovery in this case and governs the liability of the defendant to plaintiff, as in said petition set out, and on which said law and Act of Congress plaintiff relies for the law of the case; and defendant demurs to said petition and all of the same because the Act of Congress upon the provisions of which it is alleged the cause of action is based, is unconstitutional, in this," etc. This exception was by the court sustained.

The answer pleaded also general denial, assumed risk, contributory negligence, and that the laws of New Mexico require the risk assumed by locomotive engineers.

A verdict was returned for $5,000 in favor of plaintiff.

It is briefed as fundamental error that the court erred in not submitting the case under the terms and provisions of the Federal Employers' Liability Act of June 11, 1906, and appellant advances several propositions in this regard. One is that said Act, being constitutional and applicable in the Territory, it was the duty of the trial court to take notice of it and apply its provisions in the determination of the issues. Another is that under said Act the jury were authorized to find that both parties were negligent and to have reduced the recovery accordingly, but under the charge as given it can not be determined that this was done by the jury, and injury will be presumed; and third, that there was no rule of law in force at the time of the accident which would permit the submission of this cause under the issues and theories submitted; that the statute laws of Texas regulating the liability of railway companies to their employees, in force at the time of this accident, were void and not enforcible as applied to the facts of this case, because the subject matter had been fully covered by Act of Congress, which conflicted with the laws of Texas on the same subject.

Pretermitting the question whether or not appellant is in a position to claim here the benefits of said Act of Congress after having caused the trial court to hold the same unconstitutional, we address ourselves to the question whether or not defendant was prejudiced, in reference to said Act, by reason of the court having tried the case in accordance with the laws of Texas on the subject.

The only particular in which appellant claims to have sustained injury is that the laws of Texas, by which the case was tried, did not permit the jury to apportion the loss between the parties, but required that one or the other should bear the entire burden, and "that it can not be asserted that a judgment in as large a sum as is represented by this verdict would necessarily have been returned if the jury had been

Texas Civil Appeals Reports, Vol. 61.

permitted to pass upon the comparative degrees of negligence which they should have been called upon to determine had the case been submitted under the Act of Congress."

The charge of the court was for the jury to find outright for the defendant if plaintiff was guilty of negligence causing or contributing to his being struck. Also to find for defendant if defendant was not guilty of negligence. Accordingly, the finding of the jury must have been that defendant was guilty of negligence, and that plaintiff was guilty of no negligence in the matter. Therefore, it is not seen that the result has been any different from what it would have been had the rule of the Act of Congress been applied. Atchison, T. & S. F. Ry. v. Mills, 53 Texas Civ. App., 359 (116 S. W., 856).

There was testimony substantially as follows: That the cattle guard in question had been recently constructed; that, according to the testimony of the witness Williams, witness for defendant, a standard cattle guard should be built 29¾ inches from the ball of the rail on the outside to the bottom of the wing fence; that if it was built six inches closer to the rail he would consider it unsafe and dangerous; that the witness who measured the distance found it to be 23 inches outside of the rail to the bottom board of the fence; that cattle guards of defendant were painted white, but this one had not been painted; plaintiff and other trainmen testified they did not know of this cattle guard being there; and it was testified to that it was the custom for the defendant company prior to this event to notify engineers of any change in the roadbed or track or any changes brought about by reason of construction of cattle guards or other obstructions on or near the track, and that no notices concerning this cattle guard have been communicated.

The testimony admitted of finding that plaintiff did not know of the cattle guard, nor of the danger incident to it. Also that he was not charged with knowledge of it, nor of the danger, by the circumstances and surroundings in the prosecution of his duties back and forth over the line; that there was negligence on the part of defendant in having the cattle guard too near the track, and no negligence, nor assumed risk, on the part of plaintiff in the act of exposing his body to the obstruction while at his work. Hence we overrule the second and third assignments of error.

As stated in Galveston, H. & H. A. Ry. v. Slinkard, 17 Texas Civ. App., 585 (44 S. W., 37): "He was charged with ordinary care in the ascertainment of the danger incident to his employment, but it can not be laid down as a proposition of law that when he was placed in a position where he might have gained knowledge of the danger, he is thereby precluded from recovery." See generally San Antonio & A. P. Ry. v. Engelhorn, 24 Texas Civ. App., 324 (62 S. W., 561); Texas & P. Ry. v. Swearingen, 196 U. S., 51, 49 L. Ed., 893; Missouri, K. T. Ry. v. Williams, 103 Texas, 228; Galveston, H. & S. A. Ry. v. Brown, 33 Texas Civ. App., 589 (77 S. W., 833).

The charge, which is the subject of the fourth assignment, was properly refused, because it did not correctly state the law of assumed risk, and for other defects therein.

The charge referred to by the fifth assignment was properly refused.

Plaintiff was not required to anticipate the negligence of defendant in the construction of a cattle guard too near the track, nor to keep a lookout for such obstructions, and the refused charge in effect declares his failure to do such things negligence as a matter of law.

The sixth assignment of error, complaining of the refusal of another charge, is not briefed so as to show error, in that it is accompanied by no statement of the testimony which made it applicable. There is a reference to a general statement of the testimony under another assignment, the second, which takes up twenty-three pages of the printed brief, and we think the rules do not require us to cull from this case the facts, if any, which bear on the assignment in question. The same applies to the ninth assignment of error.

The seventh, eighth and tenth assignments are overruled because the Act of Congress being in force in the Territory at the time of this occurrence, superseded the laws of the Territory on the subject and because the brief does not show that there was any proof of the laws of New Mexico, had the same been material. There is no statement whatever of any testimony in the brief under the seventh assignment, and under the eighth assignment the only statement is a reference to the aforesaid voluminous statement under the second assignment.

The amount of the verdict is supported by the testimony of plaintiff touching the effects of his injuries. Judgment affirmed.

*Affirmed.*

Writ of error refused.