GALVESTON, H. & S. A. RY. CO. v. AVERILL.†

(Court of Civil Appeals of Texas.    March 8, 1911.    On Motion for Rehearing, April 12, 1911.)

1. MASTER AND SERVANT (§ 258*)—INJURIES TO SERVANT—PLEADING—EXCEPTIONS.

In an action against a railroad company for injuries to a brakeman while coupling cars, an exception on the ground that the petition was not sufficiently specific in setting forth wherein the couplers were defective was properly overruled, where the petition alleged that the knuckles of the coupling apparatus were old and would not close automatically by impact, which necessitated plaintiff going between the cars to make the coupling.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 828; Dec. Dig. § 258.*]

2. MASTER AND SERVANT (§ 258*)—INJURIES TO SERVANT—PLEADING—EXCEPTIONS.

In an action against a railroad company for injuries to a brakeman while coupling cars, where the petition alleged that, when the plaintiff went between the cars, it was the engineer's duty not to move the engine except upon a signal from him, but that the engineer, without a signal so to do, negligently moved the train back against the plaintiff, and that, if the engineer received a signal from another employé, it was improperly given without any direction by the plaintiff, an exception that the petition was defective in failing to state the name and position of the employé whose negligence was alleged to have caused the injury was properly overruled.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 833; Dec. Dig. § 258.*]

3. NEGLIGENCE (§ 56*)—"PROXIMATE CAUSE."

"Proximate cause" is properly defined as the direct cause without which the injury would not have happened.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 69, 70; Dec. Dig. § 56.*

For other definitions, see Words and Phrases, vol. 6, pp. 5758–5769; vol. 8, p. 7771.]

4. APPEAL AND ERROR (§ 730*)—REVIEW—ERROR WAIVED.

Where an assignment of error complains of a charge on the ground that it contradicts an-

---

other part of the charge and is confusing and misleading, but no attempt is made to show the contradiction or the confusion, the alleged error will not be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

5. DAMAGES (§ 50*)—INJURIES TO PERSON—MENTAL SUFFERING—EVIDENCE.

Where personal injuries are of a serious, continuing, and probably permanent nature, an award of damages for mental suffering is proper.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 100; Dec. Dig. § 50.*]

6. APPEAL AND ERROR (§ 1033*)—REVIEW—HARMLESS ERROR.

In an action for personal injuries received by a railroad employé, the defendant cannot complain that the rule of comparative negligence under Employer's Liability Act Cong. April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), was not applied where the jury were instructed to find for the plaintiff only in event of the defendant's negligence and plaintiff's freedom from contributory negligence, and the latter rule being more favorable to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4056–4058; Dec. Dig. § 1033.*]

On Motion for Rehearing.

7. TRIAL (§ 260*) — INSTRUCTIONS — ISSUES GOVERNED BY OTHER INSTRUCTION.

Where the court has already correctly charged upon an issue, the refusal of an additional charge is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

8. APPEAL AND ERROR (§ 701*) — RECORD—STATEMENT OF FACTS—QUESTIONS NOT PRESENTED FOR REVIEW.

In an action against a railroad company for injuries received by a brakeman while making a coupling, the error in refusing a charge upon the question of his negligence in arranging the coupling apparatus will not be reviewed, where the railroad's statement of facts shows no fact upon which a charge on that theory could have been based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2933–2935; Dec. Dig. § 701.*]

Appeal from District Court, Val Verde County; W. C. Douglas, Judge.

Action by H. Averill against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, W. B. Teagarden, and Boggess & Davidson, for appellant. Joseph Jones and Geo. M. Thurmond, for appellee.

JAMES, C. J. This was an action for damages; plaintiff, Averill, claiming that, while working as brakeman in defendant's service, he was crushed between cars, which occurrence was due to the fact that his fellow servants negligently caused the cars to close together while he was adjusting the coupling appliances.

Plaintiff alleged negligence as follows: (1) That at the time he went in between the cars to effect the coupling the train was at a standstill, and it was the engineer's duty to not move the engine except upon a signal from plaintiff, either direct or repeated to the engineer by a member of the train crew in position to see and know the position and movements of plaintiff. That plaintiff did not give, nor direct the giving of, any such signal; but the engineer negligently put in motion his engine, and the cars thereto moved backward with great force against plaintiff. And that, if the engineer received a signal from any employé to move the engine and cars backward, such signal was improperly and negligently given without any direction from plaintiff and was improperly taken and acted upon by the engineer. (2) That defendant was further negligent in having in said train cars to be coupled that were defectively constructed, that the knuckles of the coupling apparatus were old, worn, and out of repair so that they would not close automatically by impact, which necessitated plaintiff's going between the cars to make the coupling, and while he was performing this duty between the cars defendant's employé in charge of the engine negligently caused or permitted the train to be suddenly thrust backward, with the result aforesaid. (3) That defendant was negligent in that the coupling apparatus was shorter than the usual and customary and safe way of constructing such coupling, which rendered it dangerous to employés whose duty it was to work between the ends of the cars, in that they permitted the ends of the cars to come so close together when being coupled as to injure any one who might be on duty between them. (4) In permitting the truss rods bolts to project out from the end of the cars so far as to reduce the space between said cars when they were pressed together in making the coupling and thus causing plaintiff's injuries. There was a verdict for plaintiff for $5,000.

[1] The first and second assignments of error complain of the overruling of exceptions to the petition. The proposition under the first indicates sufficiently the point intended to be made, as follows: "The petition was not sufficiently specific, because it did not point out what parts of the coupling appliances were defective, which caused them to fail to couple by impact, so as to inform defendant what it would have to meet, and so that it might be made to appear from the pleadings, otherwise than from legal conclusions that the defects were of such a nature as would prevent coupling by impact and such as necessitated his going between the cars, as he claimed." We think there was no error in overruling the exception. Railway v. Templeton, 87 Tex. 42, 26 S. W. 1066; Railway v. Brinker, 68 Tex. 502, 3 S. W. 99; Railway v. Abbey, 29 Tex. Civ. App.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

211, 68 S. W. 293; Railway v. Beauchamp, 116 S. W. 1165.

[2] The second assignment is: "The petition in all the part wherein it is charged that his injuries resulted from, or were contributed to by, the negligence of other employés, is insufficient for want of particulars to show the name of the employé who was guilty of such negligence, the capacity in which he acted, what he did that was negligent in connection with the accident, and how his conduct caused or contributed to the accident." Appellant's proposition under the assignment merely contends that the names of the other employés should have been stated. There certainly was no necessity for naming the engineer, who was identified by his position. As to the other member of the crew, the petition does not allege that any one intervened in conveying a signal to the engineer, but alleged that if any one did so, it was not by direction of plaintiff. This did not involve any knowledge by plaintiff of whom such person was, if any one. Besides, we are of opinion that it was not necessary for defendant to have such information from the petition in order to properly make its defense of this case.

[3] There was no error committed by the court in charging that: "By proximate cause, as used in this charge, is meant the direct cause, without which the injury would not have happened." Hence we overrule the third assignment.

[4] The fourth assignment complains generally of the sixth paragraph of the charge, as erroneous. Appellant's proposition is that the vice in it is that it contradicts the preceding clause of the charge and is confusing and misleading; but no attempt is made to point out the contradiction, or wherein the paragraph is claimed to be confusing and misleading. We therefore do not sustain or entertain it.

[5] The fifth assignment complains of the charge wherein it submits the rule for the measure of damages.

The bodily injury received by plaintiff, according to testimony in the case, was of a serious, continuing, and probably permanent nature and such as would warrant the jury in finding mental suffering; and we therefore overrule the first proposition under this assignment. Brown v. Sullivan, 71 Tex. 477, 10 S. W. 288; City of San Antonio v. Kreusel, 17 Tex. Civ. App. 594, 43 S. W. 616; Railway v. Scruggs, 23 Tex. Civ. App. 712, 58 S. W. 186; Railway v. Hubbard, 70 S. W. 113.

[6] The other proposition is based upon the idea that the measure of damages in this case is controlled by the act of Congress of April 22, 1908 (chapter 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), commonly known as the employer's liability act, under which the rule of comparative negligence is to be applied. We need not consider this question. The rule applied was more favorable to appellant, in that the jury were instructed to find for plaintiff only in the event of defendant's negligence and to find for defendant altogether, if plaintiff was guilty of negligence at all. Railway v. Mills, 116 S. W. 856; Railway v. Tack, 130 S. W. 596.

The giving of the special charge on contributory negligence, referred to by the sixth assignment, would have been improper, for as framed it read that plaintiff could not recover if he did what an ordinarily prudent man would have done. This was probably an inadvertent mistake, but as asked the charge was correctly refused.

The seventh charges that the court erred in overruling the motion for new trial upon the ground that it clearly, or at least from the overwhelming weight of the facts, appears that plaintiff acted in violation of a known rule in going between the cars and causing them to be moved together while there, knowing the danger and risk of the undertaking, or at least contributing to his injury, and that there was no fault or wrong on the part of the defendant or its employés causing or contributing to the accident.

The rule, as set forth in the brief, among other things warned employés not "to go between cars in motion to uncouple, close or arrange knuckles of couplers." According to evidence in the case, plaintiff did not violate this rule. We find as a conclusion of fact warranted by the evidence that plaintiff was not negligent in going between the cars to perform the coupling.

We find further that the amount of the verdict was warranted by the testimony concerning plaintiff's injuries.

Affirmed.

## On Motion for Rehearing.

The refused charge mentioned in the sixth assignment of error is as follows: "You are further charged, gentlemen, that if, at the time of the accident, plaintiff failed to go about the matter, either in the arrangement of the coupling appliances or in giving signals, or in going between the cars, as a person of ordinary care would have done under all the circumstances; that is, if he did, with respect to any of such matters, what an ordinarily prudent person would have done, or if he omitted to do what a person of ordinary prudence would have done about the matter under similar circumstances, and if any such acts or omissions, if there were any, either caused or contributed to his injuries, he cannot recover, and this would be true, even though the cars, coupling, and appliances were defective, as charged."

The reason given by us in the main opinion for overruling the assignment is not satisfactory to us, because, if it had been given, the sense of the charge would have been understood.

[7] By the charge appellant grouped three acts of negligence: (1) Negligence of plaintiff in the arrangement of the coupling appliances; (2) in the matter of signals; and (3) in going between the cars. We find that, in the charges given by the court, the two last-named matters were specifically submitted in reference to contributory negligence. Therefore, if there was any error in refusing the special charge, it must be because the court failed to submit defendant's negligence specifically in the first of the above forms, viz., in the "arrangement of the coupling appliances."

[8] Appellant fails in the statement in the brief to mention any facts upon which a charge upon that theory could have been based. For these reasons the assignment should not be sustained.

Motion overruled.