### HICKS v. GEORGIA CASUALTY CO.
### No. 6550.

Circuit Court of Appeals, Fifth Circuit.
Jan. 25, 1933.

Rehearing Denied March 8, 1933.

SIBLEY, Circuit Judge, dissenting.

---

Elton Cruse, of Beaumont, Tex., for appellant.

Hobart Price, of Dallas, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal presents the sole question whether plaintiff's evidence in a suit under the Texas Workmen's Compensation Act for a hernia made a case for the jury. The District Judge thought it did not. When plaintiff rested his case, he instructed a verdict for the defendant.

The fact that plaintiff has a hernia is not disputed, nor does appellee seriously question that it appeared at about the time that plaintiff claims it did. Its contention is that the evidence of plaintiff, that while working in a garage and running up a ramp to get some cars down for which customers were in a hurry, he suddenly felt a pain in his side and the hernia appeared, is of too slight probative force to satisfy the measure of proof required by the Texas statute for a hernia injury.[1] It also contends that as matter of law the evidence of its manager that he did not have specific authority to employ plaintiff establishes that plaintiff was not an employee of assured. It insists that the evidence preponderates in defendant's favor, and that the trial court acted well within the authority of the rule announced in Maryland Casualty Company v. Crofford (C. C. A.) 55 F.(2d) 576, 577, that: "It is the duty of the court to direct a verdict in favor of a party where the evidence so clearly preponderates in his favor that the court, in the exercise of sound judicial discretion, would be obliged to grant a new trial if the jury should decide in favor of the other party."

We do not think so. In Reid v. Maryland Casualty Company (C. C. A.) 63 F.(2d) 10, this day decided, we have pointed out that it was not intended by that case to announce the rule that the judge may take to himself the jury's province of determining either the credibility of witnesses, or the weight to be given their testimony. That it is only in cases where the facts are undisputed, or admit of only one reasonable conclusion, that the court may instruct a verdict. Such a situation is not presented here.

The evidence on the question whether appellant was an employee not only does not prove, as matter of law, that he was not; it well nigh, as matter of law, proves the contrary. It at the worst for plaintiff makes an issue of fact for the jury.

It was undisputed that the manager of the garage employed plaintiff and paid him his wages, and that he never advised plaintiff of any secret limitation on the authority which, to all appearances, he had. It cannot be contended that an actual employment under circumstances of such a holding out can, as a matter of law, be held unauthorized upon the

---

[1] "Sec. 12b. In all claims for hernia resulting from injury sustained in the course of employment, it must be definitely proven to the satisfaction of the board:

"1. That there was an injury resulting in hernia.

"2. That the hernia appeared suddenly and immediately following the injury.

"3. That the hernia did not exist in any degree prior to the injury for which compensation is claimed.

"4. That the injury was accompanied by pain."

Article 8306, § 12b, Revised Civil Statutes of Texas 1925.

mere statement of the manager that there was a secret limitation upon his authority.

■ As to the injury, while it is true that the testimony of plaintiff was meager, and that there was testimony upon the part of one physician that the hernia, which appellant had, could not have resulted from any strain incident to what appellant was doing at the time he said it appeared, there was testimony on the part of another physician that it could, and there was the flat and uncontroverted testimony of appellant that it did, occur that way. The Texas authorities considering hernia injuries under the Texas statute make it clear that the evidence made a case for the jury, not only as to the fact, but as to the extent of the injury and its resultant disability. U. S. F. & G. Co. v. Ross (Tex. Civ. App.) 221 S. W. 639; Columbia Casualty Co. v. Ray (Tex. Civ. App.) 5 S.W.(2d) 230; T. & P. Ry. Co. v. Scruggs, 23 Tex. Civ. App. 712, 58 S. W. 186; Oilmen's Reciprocal Ass'n v. Harris (Tex. Civ. App.) 293 S. W. 580; G. H. & S. A. Ry. v. Harris, 48 Tex. Civ. App. 434, 107 S. W. 108; El Paso Electric Co. v. DeGarcia (Tex. Civ. App.) 10 S.W. (2d) 426; Williams v. Lumbermen's Reciprocal Ass'n (Tex. Civ. App.) 18 S.W.(2d) 1093; Texas Employers' Ins. Ass'n v. Neatherlin (Tex. Com. App.) 48 S.W.(2d) 967.

■ In view of another trial, we notice appellant's exception to the action of the court in refusing, because it appeared that he had worked since his injury, to permit him to introduce evidence of total incapacity, sufficiently to say that while the fact that one has worked since his claimed injury is evidence that he was not totally incapacitated, it is by no means conclusive evidence. The decisions give to the term "total and permanent disability" the practical and common-sense meaning, that one is totally disabled when one is not, without injury to his health, able to earn his living by work. They reject the idea that it is necessary to prove absolute incapacity to do any kind of work. Especially is it true that one may still be found to be incapacitated if, though he may find temporary employment in work for which he is not equipped, he cannot gainfully employ himself in work for which he is not fit. Davies v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 29 S. W.(2d) 987; Standard Accident Ins. Co. v. Bittle (C. C. A.) 36 F.(2d) 152; Aetna Life Ins. Co. v. Bulgier (Tex. Civ. App.) 19 S. W.(2d) 821; Texas Indemnity Ins. Co. v. Gannon (Tex. Civ. App.) 38 S.W.(2d) 181; Texas Employers' Ins. Ass'n v. Teel (Tex. Civ. App.) 40 S.W.(2d) 201; U. S. v. Irwin

(C. C. A.) 61 F.(2d) 488; U. S. v. Martin (C. C. A.) 54 F.(2d) 554.

The judgment is reversed, and the cause remanded.

SIBLEY, Circuit Judge (dissenting).

By Texas Rev. Stats. of 1925, art. 8309, § 1, every compensible injury must have to do with and originate in the work as well as occur while engaged in the furtherance of it. As to hernia it is specially required to be proved, article 8306, § 12b, "that there was *an injury* resulting in hernia. That the hernia appeared suddenly and immediately *following the injury.*" There is not the slightest proof that Hicks happened to any injury immediately after which the hernia appeared. He, a young man of twenty, having been at work but thirty minutes, was trotting up an inclined ramp when he says the hernia appeared. There was no fall, no accident, no unusual strain, no injury preceding the hernia. His work cannot be blamed for it, but it was wholly due to some weakness of the stomach wall that would have so resulted had he been on the streets. The hernia so occurring is not compensible under the statute. Ammie Henderson v. Maryland Casualty Company (C. C. A.) 62 F.(2d) 107, decided Dec. 10, 1932.