**MABRY et ux. v. TRAVELERS INS. CO.**

No. 13533.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1952.

Rehearing Denied Feb. 12, 1952.

Philip S. Kouri, Kearby Peery, and Kenneth Johnson, all of Wichita Falls, Tex., for appellants.

Harold Jones, Elmer H. Parish, Wichita Falls, Tex., for appellee.

Before HOLMES, RUSSELL, and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Francine Mabry, joined by her husband, brought suit under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., to recover benefits for an accidental injury sustained by her on October 4, 1947. Notice of same was given to her employer, General Mills, Inc., two days after it occurred, and she was referred to the defendant's doctor for treatment. After treatment by the defendant's doctor, she returned to work and so continued until June 21, 1948, when she returned to defendant's doctor for further treatment. She was in a hospital for sixteen days; after being discharged from the hospital she remained at home for a month, and then returned to work. She continued at work until September, 1948, when she became physically unable to continue working. August 18, 1948, she executed a compromise agreement with defendant, which was approved by the Industrial Accident Board, receiving a check for $155.

On April 2, 1949, pursuant to a suit filed by the plaintiffs, a federal court set aside the settlement agreement because of misrepresentations made to the plaintiff and relied upon by her. Appeal was taken, and

498

the judgment was affirmed in Travelers Insurance Company v. Mabry, 5 Cir., 179 F. 2d 216. After the agreement was set aside, the plaintiff filed a claim with the Industrial Accident Board, which awarded her $2695 as compensation. An appeal was taken to a state court, from which it was removed to the court below, and the case tried *de novo* before a jury, which returned a verdict for defendant, allowing no compensation for the plaintiff.

In Travelers Insurance Company v. Mabry, 5 Cir., 179 F.2d 216, the court's decision was expressly restricted to whether the compromise agreement should be set aside; therefore, that decision has no bearing upon the issues raised in the court below upon the trial of this case, where the court peremptorily charged the jury that the appellee was not totally and permanently disabled. In our opinion, this was error, since it was within the province of the jury, after hearing the evidence, to decide the extent and duration of the plaintiff's disability; and when the court charged that there was no issue for the jury, in so far as total and permanent disability were concerned, it withdrew from the jury a vital issue in the case. Hicks v. Georgia Casualty Co., 5 Cir., 63 F.2d 157. Pinched by poverty, beset by adversity, driven by necessity, one may work to keep the wolf away from the door though not physically able to work; and, under the law in this case, the fact that the woman worked to earn her living did not prevent a jury from finding, from the evidence before it, that she was totally and permanently disabled even while working.

The trial court also erred in not allowing Thad Mabry to testify as to declarations of present pain and suffering made by the injured party. The plaintiff was entitled to have the jury hear this testimony as bearing on the issue of extent and duration of her disability. Security Union Casualty Company v. Frederick, Tex.Civ. App., 295 S.W. 301. It was also prejudicial error not to allow Mr. Mabry, husband of the injured woman, to testify as to what his wife told him that the doctors had told her about her condition. This was offered only on the question of good cause for appellants' failure sooner to file their claim.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.